Jason P. Kathman (Texas Bar No. 24070036)
Laurie N. Patton (Texas Bar No. 24078158)
Alex Anderson (Texas Bar No. 24138084)
**SPENCER FANE LLP**
5700 Granite Parkway, Suite 650
Plano, TX 75024
(972) 324-0300 – Telephone
(972) 324-0301 – Facsimile
Email:  jkathman@spencerfane.com
　　　　lpatton@spencerfane.com
　　　　alanderson@spencerfane.com

Zachary R.G. Fairlie (*Pro Hac Vice* Pending)
**SPENCER FANE LLP**
1000 Walnut Street, Suite 1400
Kansas City, MO 64106
(816) 474-8100 – Telephone
(816) 474-3216 – Facsimile
Email: zfairlie@spencerfane.com

**PROPOSED COUNSEL FOR**
**DEBTORS AND DEBTORS-IN-POSSESSION**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

| | | |
|---|---|---|
| **In re:** | § | Chapter 11 |
| | § | |
| **PRIMALEND CAPITAL PARTNERS, LP,** | § | Case No. 25-90013 (MXM) |
| | § | |
| **Debtor.** | § | (Joint Administration Requested) |

## DEBTORS' EMERGENCY MOTION FOR ENTRY OF AN ORDER
## JOINTLY ADMINISTERING THE AFFILIATED DEBTORS

> **Emergency relief has been requested. If you object to the relief requested or you believe that emergency consideration is not warranted, you must appear at the hearing, or file a written response no later than Thursday, October 23, 2025. Otherwise, the Court may treat the pleading as unopposed and grant the relief requested.**
>
> **A hearing will be conducted on the matters set forth in this motion on October 24, 2025, and 9:00 a.m. prevailing Central Time in Room 128, U.S. Courthouse, 501 W. Tenth Street, Fort Worth, Texas 76102. You may participate in the hearing either in person or by an audio or video connection.**
>
> **Audio communication will be by use of the Court's dial-in facility. You may access the facility at https://us-courts.webex.com/meet/mullin. The dial-in is 1.650.479.3207. The meeting code is 2310-650-8783. Video communications will be by use of the Cisco WebEx platform. Connect via the Cisco WebEx application or click the link on Judge Mullin's home page. Click the settings icon in the upper right corner and enter your name under the personal information setting. WebEx hearing instructions may be obtained from Judge Mullin's hearing/calendar site: https://www.txnb.uscourts.gov/sites/txnb/files/hearings/WebEx%20Hearing%20Instructions%20for%20Judge%20Mullin%205.14.2024.pdf.**
>
> **Hearing appearance must be made electronically in advance of electronic hearings. To make your appearance, click the "Electronic Appearance" link on Judge Mullin's home page. Select the case name, complete the required fields and click "submit" to complete your appearance.**

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

PrimaLend Capital Partners, LP ("**PCP**") debtor and debtor-in-possession in the above-referenced bankruptcy case, along with LNCMJ Management, LLC ("**LNCMJ**"), and Good Floor Loans LLC ("**GFL**") (collectively, the "**Debtors**") hereby file this motion (the "**Motion**") and in support thereof would respectfully show the Court the following:

**RELIEF REQUESTED**

1. By this Motion, the Debtors seek entry of an order, substantially in the form attached hereto as **Exhibit A** (the "**Order**") (i) directing the joint administration of the Debtors, for procedural purposes only, and (ii) granting related relief.

**JURISDICTION AND VENUE**

2. The Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (O), and this Motion is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory basis for relief requested herein is Rule 1015 of the Federal Rule of Bankruptcy Procedure 1015 and Rule 1015-1 of the Local Bankruptcy Rules for the Northern District of Texas (the "**N.D. Tex. L.B.R.**").

**BACKGROUND**

4. The Debtors are collectively one of the largest national asset-based specialty lenders that directly finance Buy Here, Pay Here ("**BHPH**") car dealerships ("**Dealer-Borrowers**"). The Debtors' business can be broadly divided amongst three operating entities and the specific services and types of loans each provides. GFL makes floorplan revolving lines of credit to BHPH dealerships to finance their purchase of vehicles and inventory. PCP makes revolving lines of credit and term loans based upon the value of the BHPH dealers' portfolio of retail installment sales contracts ("**RISCs**") and to certain subprime finance companies serving the BHPH industry. Additionally, non-Debtor affiliate PrimaLend Real Estate LLC ("**PRE**") makes loans based upon BHPH dealers' real estate they or their affiliates own.[1] Collectively, the Debtors have helped more than one hundred BHPH dealerships grow their businesses, improve their business and compliance procedures, build and improve their credit, and refinance their loan obligations with loans from more traditional lending services to improve their profitability.

5. Beginning on October 22, 2025 (the "**Petition Date**"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the Bankruptcy Court.

---

[1] GFL, PRE, and the limited partnership interests of PCP are owned by non-Debtor affiliate PCAP Holdings, LP ("**PCAP**"). The general partner of PCP is LNCMJ.

3

The Debtors continue to operate their businesses as debtors-in-possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code. As of the date hereof, no request for the appointment of a trustee or examiner has been made, and no official committee of unsecured creditors has been appointed in these chapter 11 cases.

6. A detailed description of the Debtors and their businesses, and the facts and circumstances surrounding the filing of the Debtors' chapter 11 cases, is set forth in greater detail in the *Declaration of Tanya Meerovich in Support of Debtors' Chapter 11 Petitions and Requests for First Day Relief* (the "**First Day Declaration**") filed contemporaneously herewith.

## BASIS FOR RELIEF REQUESTED

7. Federal Rule of Bankruptcy Procedure 1015(b) provides, in part, that this Court may order a joint administration of the estates of two or more petitions pending in the same court by a debtor and an affiliate, provided that, prior to entering the order, the Court gives consideration to protecting creditors of different estates against potential conflicts of interest. Fed. R. Bankr. P. 1015(b). Section 101(2) of the Bankruptcy Code, defines "affiliate" as:

> (A) [an] entity that directly or indirectly owns, controls, or holds with power to vote, 20 percent or more of the outstanding voting securities of the debtor, other than an entity that holds such securities—
>
> (i) in a fiduciary or agency capacity without sole discretionary power to vote such securities; or
>
> (ii) solely to secure a debt, if such entity has not in fact exercised such power to vote;
>
> (B) [a] corporation 20 percent or more of whose outstanding voting securities are directly or indirectly owned, controlled, or held with power to vote, by the debtor, or by an entity that directly or indirectly owns, controls, or holds with power to vote, 20 percent more of the outstanding voting securities of the debtor, other than an entity that holds such securities—

4

    (i)  in a fiduciary or agency capacity without sole discretionary power to vote such securities; or

    (ii)  solely to secure a debt, if such had not in fact exercised such power to vote ….

11 U.S.C. § 101(2).

  8.  As noted above and in the First Day Declaration, LNCMJ is the general partner of PCP and thus is statutorily an affiliate of PCP. PCAP, a non-filing entity, is the sole member of GFL. PCAP is also the sole limited partner of PCP, holding a 100% partnership interest in PCP. PCP and GFL share the same corporate parent, non-Debtor, PCAP. LNCMJ is the general partner of PCAP, and PCAP owns 100% of the membership interest in GFL. As LNCMJ is the general partner of PCAP, LNCMJ directly or indirectly controls GFL.

  9.  Consequently, each of the three (3) entities are undoubtedly affiliates of each other. As such, joint administration is proper and authorized pursuant to Bankruptcy Rule 1015.

  10.  The rights of the respective creditors of the Debtors will not be adversely affected by joint administration of these cases because this Motion requests only administrative consolidation of the estates. The Debtors are not seeking substantive consolidation. Each creditor will be required to file a claim against a particular debtor's estate. Thus, even though the creditor's rights will not be depleted by treating the Debtors' bankruptcies as one, the rights of all creditors will be enhanced by the reduced costs resulting from joint administration. Creditors will benefit from joint administration because all pleadings will be filed in a single case.

  11.  Pursuant to Rule 1015-1(b), the practicalities of providing professional services to the jointly administered estates do not preclude professional persons from effectively or accurately separating the services rendered solely for the benefit of one bankruptcy estate vis-a-vis another. N.D. Tex. L.R.B, Rule 1015-1(b).

12. Pursuant to Local Rule 1015-1, a proposed consolidated master mailing list (matrix) in the affected cases is attached hereto for future noticing requirements. N.D. Tex. L.R.B, Rule 1015-1(b).

13. In addition to the legal authority and rationale for joint administration described above, joint administration of these chapter 11 cases is warranted because entry of an order directing joint administration of these cases will obviate the need for duplicative notices, applications, and orders, and will thereby save considerable time and expense for the Debtors and result in substantial savings to their respective estates.

14. Joint administration will also result in increased judicial efficiency, relieving this Court of the burden of entering duplicative orders and maintaining duplicative files.

15. The Debtors therefore contend that the best interest of their creditors and their estates would be served by joint administration of these cases. Accordingly, the Debtors request that the caption of their cases be modified to reflect the joint administration of the Chapter 11 cases as follows:

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| **In re:** | § | **Chapter 11** |
| | § | |
| **PRIMALEND CAPITAL PARTNERS, LP,** *et al.*[1] | § | **Case No. 25-90013 (MXM)** |
| | § | |
| **Debtors.** | § | **(Jointly Administered)** |

---

[1] The debtors and debtors-in-possession in these Chapter 11 Cases, along with the last four digits of their respective Employer Identification Numbers, are as follows: PrimaLend Capital Partners, LP (0313) ("**PCP**"), Good Floor Loans LLC (8219) ("**GFL**"), and LNCMJ Management, LLC (1374) ("**LNCMJ**"). The location of the Debtors' headquarters is 3460 Lotus Dr. Ste. 100, Plano, TX 75075.

16. The Debtors also request that a notation substantially similar to the following be entered on each of the Debtors' respective dockets (other than Debtor PrimaLend Capital Partners, LP) to reflect the joint administration of these chapter 11 cases:

> An order has been entered in this case in accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure and Rule 1015-1 of the Local Bankruptcy Rules of the United States Bankruptcy Court for the Northern District of Texas directing the joint administration of the chapter 11 cases of PrimaLend Capital Partners, LP, Good Floor Loans, LLC, and LNCMJ Management, LLC. The docket in Case No. 25-90013-11 should be consulted for all matters affecting these cases. All further pleadings and other papers shall be filed in and all further docket entries shall be made in Case No. 25-90013-11.

17. The 341 meetings for each of the Debtors will proceed as scheduled and counsel will be present.

18. In summary, the Debtors request that their cases be jointly administered for procedural purposes to the extent of the following:

   A. One docket shall be maintained for the Debtors' cases, under the case number assigned to PrimaLend Capital Partners, LP;

   B. All pleadings, orders, and other papers filed shall be captioned with the style reflected above, and shall reflect that the cases are jointly administered under the case number assigned to PrimaLend Capital Partners, LP;

   C. The United States Trustee shall conduct the first meeting of creditors for each of the Debtors as scheduled;

   D. Counsel for the Debtors shall prepare and maintain one Official Service List;

   E. Proofs of claim filed by creditors of any Debtor shall reflect the style and case number of the Debtor to which the claim relates and in whose case such claim is to be filed; and

   F. Separate claims registers shall be maintained for each Debtor.

**IMMEDIATE RELIEF**

19. Federal Rule of Bankruptcy Procedure 6003(b) empowers the Court to grant relief within the first twenty-one (21) days after the Petition Date if the "relief is necessary to avoid

immediate and irreparable harm." Fed. R. Bankr. P. 6003(b). Immediate and irreparable harm exists where the absence of relief would impair a debtor's ability to reorganize or threaten the debtor's future as a going concern. *See In re Ames Dep't Stores, Inc.*, 115 B.R. 34, 36 n.2 (Bankr. S.D.N.Y. 1990)(discussing the elements of "immediate and irreparable harm" in relation to Federal Rule of Bankruptcy Procedure 4001). For the reasons described above and in the First Day Declaration, the relief requested is necessary for the Debtors to operate their businesses in the ordinary course and maximize the value of their estates for the benefit of all stakeholders. Accordingly, the Debtors believe that the relief requested herein is necessary to avoid immediate and irreparable harm, and, therefore, Bankruptcy Rule 6003 is satisfied.

## RESERVATION OF RIGHTS

20. Nothing contained herein or any actions taken pursuant to such relief requested is intended or shall be construed as: (i) an admission as to the amount of, basis for, or validity of any claim against a Debtor entity under the Bankruptcy Code or other applicable nonbankruptcy law; (ii) a waiver of the Debtors' or any other party in interest's right to dispute any claim on any grounds; (iii) a promise or requirement to pay any claim; (iv) an implication or admission that any particular claim is of a type specified or defined in this Motion or any order granting the relief requested by this Motion or a finding that any particular claim is an administrative expense claim or other priority claim; (v) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to Section 365 of the Bankruptcy Code; (vi) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; (vii) a waiver or limitation of the Debtors', or any other party in interest's, rights under the Bankruptcy Code or any other applicable law; or (viii) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise)

8

that may be satisfied pursuant to the relief requested in this Motion are valid, and the rights of all parties in interest are expressly reserved to contest the extent, validity, or perfection or seek avoidance of all such liens. If the Court grants the requested relief, any payment made pursuant to the Court's order is not intended and should not be construed as an admission as to the validity of any particular claim or a waiver of the Debtors' or any other party in interest's rights to subsequently dispute such claim.

## EMERGENCY CONSIDERATION

21. Pursuant to the N.D. Tex. L.B.R. and Complex Case Procedures, the Debtors request emergency consideration of this Motion. The Debtors submit that emergency relief in connection with this Motion is essential to the success of these chapter 11 cases. As discussed herein, and in the First Day Declaration, any delay in granting the relief requested could hinder the ultimate success of the Debtors' chapter 11 cases, and significantly impact the Debtors' ability to move forward in this case and pursue a value-maximizing process. Consequently, the Debtors have met the "immediate and irreparable harm standard," and emergency consideration is not only warranted, by necessary to avoid immediate and irreparable harm.

## NOTICE

22. Notice of this Application shall be given to (i) the Office of the United States Trustee for the Northern District of Texas; (ii) the Debtors' collective thirty largest unsecured creditors on a consolidated basis; (iii) CIBC Bank USA, administrative agent under PrimaLend Capital Partners, LP's *Amended and Restated Credit Agreement*; (iv) Hinshaw & Culbertson LLP, as counsel to the administrative agent under PrimaLend Capital Partners, LP's *Amended and Restated Credit Agreement*; (v) Amarillo National Bank, prepetition secured lender of Good Floor Loans LLC; (vi) Mullin Hoard & Brown, counsel to Amarillo National Bank; (vii) the United

States Trustee's Office for the Region 6; (viii) the Internal Revenue Services; and (ix) any other party that has requested notice pursuant to Bankruptcy Rule 2002 as of the time of service. Due to the nature of the relief requested herein, the Debtors submit that no other or further notice need be provided.

WHEREFORE, the Debtors respectfully request this Court to enter an order granting the relief requested herein and granting such other and further relief as may be just and proper.

Dated: October 22, 2025.

Respectfully submitted,

*/s/ Jason P. Kathman*
Jason P. Kathman (Texas Bar No. 24070036)
Laurie N. Patton (Texas Bar No. 24078158)
Alex Anderson (Texas Bar No. 24138084)
**SPENCER FANE LLP**
5700 Granite Parkway, Suite 650
Plano, TX 75024
(972) 324-0300 – Telephone
(972) 324-0301 – Facsimile
Email: jkathman@spencerfane.com
           lpatton@spencerfane.com
           alanderson@spencerfane.com

-and-

Zachary R.G. Fairlie (*Pro Hac Vice* Pending)
**SPENCER FANE LLP**
1000 Walnut Street, Suite 1400
Kansas City, MO 64106
(816) 474-8100 – Telephone
(816) 474-3216 - Facsimile
Email: zfairlie@spencerfane.com

**PROPOSED COUNSEL FOR DEBTORS AND DEBTORS-IN-POSSESSION**

## **CERTIFICATE OF SERVICE**

    An omnibus Certificate of Service concerning all "first day" motions shall be separately filed by the Debtor, which shall reflect service of this Motion.

                                          */s/ Jason P. Kathman*
                                          Jason P. Kathman