Trinitee G. Green (SBN 24081320)
**POLSINELLI PC**
4020 Maple Avenue, Suite 300
Dallas, TX 75219
Telephone: (214) 397-0030
Facsimile: (214) 397-0033
Email: tggreen@polsinelli.com

Jeremy R. Johnson (admitted *pro hac vice*)
**POLSINELLI PC**
600 Third Avenue, 42nd Floor
New York, NY 10016
Telephone: (212) 684-0199
Facsimile: (212) 684-0197
Email: jeremy.johnson@polsinelli.com

*Counsel to BVY Partners II LLC*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| **PRIMALEND CAPITAL PARTNERS, LP,** *et al.*,[1] | Case No. 25-90013 (MXM) |
| Debtors. | (Joint Administration Requested) |

**LIMITED OBJECTION AND RESERVATION OF RIGHTS OF BVY PARTNERS II LLC WITH RESPECT TO DEBTORS' EMERGENCY MOTION FOR ENTRY OF INTERIM AND FINAL ORDERS (I) AUTHORIZING (A) POSTPETITION FINANCING AND (B) THE USE OF CASH COLLATERAL, (II) GRANTING LIENS AND PROVIDING SUPERPRIORITY ADMINISTRATIVE EXPENSE CLAIMS, (III) GRANTING ADEQUATE PROTECTION TO PREPETITION LENDERS, (IV) MODIFYING THE AUTOMATIC STAY, (V) SCHEDULING A FINAL HEARING, AND <u>(VI) GRANTING RELATED RELIEF</u>**

BVY Partners II LLC ("**BVY II**"), by and through its undersigned counsel, hereby files this reservation of rights (the "**Reservation of Rights**") with respect to the *Debtors' Emergency Motion for Entry of Interim and Final Orders (I) Authorizing (A) Postpetition Financing and (B) the Use of Cash Collateral, (II) Granting Liens and Providing Superpriority Administrative Expense Claims, (III) Granting Adequate Protection to Prepetition Lenders, (IV) Modifying the*

---

[1] The debtors and debtors-in-possession in these Chapter 11 Cases, along with the last four digits of their respective Employer Identification Numbers, are as follows: PrimaLend Capital Partners, LP (0313) ("**PCP**"), Good Floor Loans LLC (8219) ("**GFL**"), and LNCMJ Management, LLC (1374) ("**LNCMJ**"). The location of the Debtors' headquarters is 3460 Lotus Dr. Ste 100, Plano, TX 75075.

*Automatic Stay, (V) Scheduling a Final Hearing and (VI) Granting Related Relief* [Docket No. 30] (the "**DIP Motion**") and, in support of this Reservation of Rights, respectfully states as follows:

## BACKGROUND

1. On October 21, 2025 (the "**Petition Date**"), PrimaLend Capital Partners, LP and certain of its affiliates (collectively, the "**Debtors**") each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the Northern District of Texas, Fort Worth Division (the "**Court**").

2. On October 22, 2025, the Debtors filed the DIP Motion seeking, among other things, entry of an order approving postpetition financing and the use of cash collateral, in accordance with a budget that, upon information and belief, may include budgeted inflow and/or outflow of cash that is BVY II's property and, thus, is not property of the estate and is not cash collateral.

3. On October 22, 2025, the Debtors also filed the *Debtors' Emergency Motion for Entry of Interim and Final Orders (I) Authorizing the Debtors to Continue Their Servicing Obligations, (II) Approving Loss Mitigation and Settlement Procedures, and (III) Granting Related Relief* (the "**Servicing Motion**") [Docket No. 26] and *Debtors' Emergency Motion (I) Authorizing the Debtors to (A) Continue to Operate Their Existing Cash Management System and Maintain Existing Bank accounts, (B) Continue Using Existing Checks and Business Forms, (C) Maintain Their Corporate Card Program, and (D) Continue Intercompany Transactions; (II) Waiving Certain UST Guidelines; and (III) Granting Related Relief* (the "**Cash Management Motion**") [Docket No. 20].

4. In the Servicing Motion, the Debtors request authorization to continue to provide servicing obligations due and owning to BVY II pursuant to participation agreements whereby BVY II purchased ownership interests in certain of the Debtors' loans. Such participation agreements, which were entered into prior to the Petition Date, obligate the Debtors, as lead lender and servicer,

2

106703420.3

to calculate and remit to BVY II, as co-holders of the notes and loans, the amount of interest and principal that Debtors collect on BVY II's behalf. *See* Servicing Motion, ¶ 10. The proposed order approving the Servicing Motion provides that "funds collected by Debtors, in its/their capacity as loan servicer, lead lender, and/or agent, for the benefit of loan participants, including BVY2, shall not constitute property of the estate and/or cash collateral as such funds are the property of the participants, who hold an ownership interest in the applicable loans and the proceeds thereof."

5. The Cash Management Motion requests approval of a proposed order that provides, among other things, that "the Debtors shall be authorized and directed to collect and remit funds received from borrowers in its/their capacity as loan servicer(s) and agent(s) for the benefit of third party participants, including BVY Partners II LLC, pursuant to participation agreements providing such non-Debtor participants with ownership interest in prepetition loans between the Debtors and third party borrowers and the proceeds thereof."

## RESERVATION OF RIGHTS

6. As of the date hereof, it does not appear that the Debtors are attempting to grant any liens on or against BVY II's assets and/or property, including BVY II's interests in loans and/or proceeds from collections thereon. Similarly, given the provisions included in the orders approving the Servicing Motion and the Cash Management Motion, it appears that the Debtors concede that the Debtors do not own and have no legal or equitable right to future receipts of payments from borrowers under the loans, including, without limitation of principal and interest. Indeed, the Debtors have acknowledged such funds belong to loan participants, including BVY II.

7. After the DIP Motion was filed, BVY II requested order language substantially similar to the provisions set forth above and in the Cash Management and Servicing Motion orders. Additionally, BVY II has requested confirmation that the cash collateral budget either does not

include budgeted receipts and/or disbursements attributable to BVY II's participations. Alternatively, to the extent the budget includes such amounts, they should be segregated and carved out in such a manner that makes it clear that the Debtors are not seeking authority to use such funds as cash collateral pursuant to section 363.

8. As of the date hereof, BVY II does not have certainty as to whether the Debtors will agree to BVY II's request and/or whether the Debtors intend to treat future receipts of BVY II's note and loan collections as cash collateral within the meaning of section 363. Thus, BVY II objects and reserves all rights.

9. BVY II further reserves its right to amend, supplement, modify, or withdraw this Reservation of Rights in whole or in part at any time. BVY II does not waive any right it may have by filing this Reservation of Rights. BVY II also reserves the right to further address any other or ancillary issues with respect to the DIP Motion, including, without limitation, any issues relating to the Participation Agreements that may be raised at any hearing or through any pleading.

Dated: October 23, 2025                    Respectfully submitted,

**POLSINELLI PC**

By: */s/ Trinitee G. Green*
    Trinitee G. Green (SBN 24081320)
    4020 Maple Avenue, Suite 300
    Dallas, TX 75219
    Telephone: (214) 397-0030
    Email: tggreen@polsinelli.com

    -and-

    Jeremy R. Johnson (admitted *pro hac vice*)
    600 Third Avenue, 42nd Floor
    New York, NY 10016
    Telephone: (212) 684-0199
    Email: jeremy.johnson@polsinelli.com

    *Counsel to BVY II Partners, LLC*

4

106703420.3

## **CERTIFICATE OF SERVICE**

      I, Trinitee Green, hereby certify that on October 23, 2025 the foregoing document was served electronically on all EM/ECF participants via the Court's ECF notification system.

      By: */s/ Trinitee G. Green*
           Trinitee G. Green

106703420.3