Jason P. Kathman (Texas Bar No. 24070036)
Laurie N. Patton (Texas Bar No. 24078158)
Alex Anderson (Texas Bar No. 24138084)
**SPENCER FANE LLP**
5700 Granite Parkway, Suite 650
Plano, TX 75024
(972) 324-0300 – Telephone
(972) 324-0301 – Facsimile
Email:  jkathman@spencerfane.com
  lpatton@spencerfane.com
  alanderson@spencerfane.com

Zachary R.G. Fairlie (*Pro Hac Vice* Pending)
**SPENCER FANE LLP**
1000 Walnut Street, Suite 1400
Kansas City, MO 64106
(816) 474-8100 – Telephone
(816) 474-3216 – Facsimile
Email: zfairlie@spencerfane.com

**PROPOSED COUNSEL FOR**
**DEBTORS AND DEBTORS-IN-POSSESSION**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

| | | |
|---|---|---|
| **In re:** | § | **Chapter 11** |
| | § | |
| **PRIMALEND CAPITAL PARTNERS, LP,** *et al.*[1] | § | **Case No. 25-90013 (MXM)** |
| | § | |
| Debtors. | § | **(Joint Administration Requested)** |

### SUPPLEMENTAL DECLARATION OF TANYA MEEROVICH IN SUPPORT OF DEBTORS' CHAPTER 11 PETITIONS AND REQUESTS FOR FIRST DAY RELIEF

I, Tanya Meerovich, pursuant to 28 U.S.C. § 1746, hereby declare that the following is true to the best of my knowledge, information, and belief:

1. I am a Senior Managing Director of FTI Consulting, Inc. ("**FTI**"). I was appointed the Chief Restructuring Officer ("**CRO**") of PrimaLend Capital Partners, LP ("**PCP**"), Good Floor Loans LLC ("**GFL**"), and LNCMJ Management, LLC ("**LNCMJ**") (collectively, the "**Debtors**") on October 22, 2025. I am over 18 years of age and authorized to submit this supplemental declaration (this "**Supplemental First Day Declaration**") on behalf of the Debtors, as a

---

[1] The debtors and debtors-in-possession in these Chapter 11 Cases, along with the last four digits of their respective Employer Identification Numbers, are as follows: PrimaLend Capital Partners, LP (0313) ("**PCP**"), Good Floor Loans LLC (8219) ("**GFL**"), and LNCMJ Management, LLC (1374) ("**LNCMJ**"). The location of the Debtors' headquarters is 3460 Lotus Dr. Ste. 100, Plano, TX 75075.

supplement to the *Declaration of Tanya Meerovich in Support of Debtors' Chapter 11 Petitions and Requests for First Day Relief* (the "**First Day Declaration**")[Docket No 29].

2. This Supplemental First Day Declaration is filed to provide additional background in support of the following motions:

- "**Extension Motion**": *Debtors' Emergency Motion for Entry of an Order Extending Time for Debtors to File Schedules and Statement of Financial Affairs* [Docket No. 5]; and

- "**Cash Management Motion**": *Debtors' Emergency Motion For Entry of an Order (I) Authorizing the Debtors to (A) Continue to Operate Their Cash Management System and Maintain Existing Bank Accounts, (B) Continue Using Existing Checks and Business Forms, (C) Maintain Their Corporate Card Program, and (D) Continue Intercompany Transactions; (II) Waiving Certain UST Guidelines, and (III) Granting Related Relief* [Docket No. 6] (collectively, the "**Motions**").

**A.     Extension Motion**

3. The Debtors request, pursuant to their Extension Motion entry of an order (i) extending the deadline to file (a) schedules of assets and liabilities, (b) statement of financial affairs, (c) schedules of current income and expenditures, and (d) statements of executory contracts and unexpired leases (collectively, the "**SOFA/SOAL**") by thirty (30) days to file their SOFA/SOAL, thereby establishing a deadline of December 5, 2025 for the filing of the SOFA/SOAL, and (ii) granting related relief.

4. In addition to the reasons set forth in the First Day Declaration, an extension of the deadline to file the SOFA/SOAL for each Debtor is necessary due to the voluminous records. The Debtors only have a single controller who is responsible for many tasks related to transfer of funds to operate the Debtors' lending business. I have provided services as a CRO and financial advisor to companies in bankruptcy and am well versed in the amount of time and resources necessary to prepare the SOFA/SOAL in a case involving multiple debtors, many equity interests and affiliate relationships, and operations related to financial services and lending relationships. While the

Debtors have already engaged in efforts to prepare the SOFA/SOAL, an extension to December 5, 2025, is necessary to ensure the SOFA/SOAL are complete and accurate.

### B.    Cash Management Motion

5.    The Debtors utilize a single credit card account, with eleven (11) cards issued to employees for the payment of business-related expenses. However, the primary use of the credit card account is to pay for administrative expenses such as FedEx costs, which are significant due to the nature of the Debtors' business, Quickbooks monthly fee, and office supplies. Occasional charges are made for business-related travel expenses. Debtors require purchases to be verified by a receipt and all purchases are reviewed to confirm the charge is related to a legitimate business expense. The expenses charged to the credit card account are critical to the business and the average monthly amount charged ranges from $25,000 to $35,000. It would be a significant interruption to the Debtors' ordinary course of business to cease using the credit card account.

### Conclusion

6.    The above describes material facts in support of the relief requested in the Motions referenced herein. Such relief is necessary to the Debtors success in this chapter 11.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing statements are true and correct to the best of my knowledge, information and belief.

Date: October 23, 2025
Plano, Texas

Tanya Meerovich
Chief Restructuring Officer