Jason P. Kathman (Texas Bar No. 24070036)
Laurie N. Patton (Texas Bar No. 24078158)
Alex Anderson (Texas Bar No. 24138084)
**SPENCER FANE LLP**
5700 Granite Parkway, Suite 650
Plano, TX 75024
(972) 324-0300 – Telephone
(972) 324-0301 – Facsimile
Email:   jkathman@spencerfane.com
         lpatton@spencerfane.com
         alanderson@spencerfane.com

Zachary R.G. Fairlie (Admitted *Pro Hac Vice*)
**SPENCER FANE LLP**
1000 Walnut Street, Suite 1400
Kansas City, MO 64106
(816) 474-8100 – Telephone
(816) 474-3216 – Facsimile
Email: zfairlie@spencerfane.com

**CO-COUNSEL FOR DEBTORS AND
DEBTORS-IN-POSSESSION**

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE NORTHERN DISTRICT OF TEXAS
### FORT WORTH DIVISION

| | | |
|---|---|---|
| **In re:** | § | **Chapter 11** |
| | § | |
| **PRIMALEND CAPITAL PARTNERS, LP,** *et al.*[1] | § | **Case No. 25-90013 (MXM)** |
| | § | |
| **Debtors.** | § | **(Jointly Administered)** |

### DEBTORS' OBJECTION TO EMERGENCY MOTION OF BVY PARTNERS II LLC FOR AUTHORITY TO CONDUCT EXAMINATIONS UNDER FEDERAL RULE OF BANKRUPTCY PROCEDURE 2004

**TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:**

PrimaLend Capital Partners, LP ("**PCP**"), Good Floor Loans LLC ("**GFL**"), LNCMJ Management, LLC ("**LNCMJ**"), and PCAP Holdings, LP ("**PCAP**") (collectively, the "**Debtors**"), debtors and debtors-in-possession in the above referenced bankruptcy respectfully submit this Objection ("**Objection**") to the Emergency Motion of BVY Partners II LLC for Authority to Conduct Examinations Under Federal Rule of Bankruptcy Procedure 2004 [Docket No. 329] (the "**Motion**") filed by BVY Partners II LLC ("**BVY2**"). For the reasons set forth herein, the Court should deny the Motion as requested and order discovery to be conducted pursuant to

---

[1] The debtors and debtors-in-possession in these Chapter 11 Cases, along with the last four digits of their respective Employer Identification Numbers, are as follows: PrimaLend Capital Partners, LP (0313)("**PCP**"), Good Floor Loans LLC (8219)("**GFL**"), LNCMJ Management, LLC (1374)("**LNCMJ**"), and PCAP Holdings LP (8774)("**PCAP**"). The location of the Debtors' headquarters is 3460 Lotus Drive, Suite 100, Plano, TX 75075.

the *Debtors' Emergency Motion For Expedited Discovery Related to Contested Matters Involving BVY Partners II LLC*, filed contemporaneously herewith. In support of this Objection, Debtors state as follows:

## ARGUMENT AND AUTHORITY[2]

1.      The Debtors have been open and transparent throughout these chapter 11 cases and have engaged stakeholders in good faith at each stage of the process. The Debtors will continue to do so with respect to confirmation, including by providing appropriate plan support information and responding reasonably to targeted inquiries. The Debtors will not, however, be compelled to forfeit the procedural protections and safeguards to which they are entitled under the Federal Rules of Civil Procedure, the Federal Rules of Bankruptcy Procedure,[3] and the Local Rules, particularly where a stakeholder has inexplicably waited six weeks to initiate a discovery process.

2.      BVY2 seeks to use Rule 2004 as a substitute for standard litigation discovery to prosecute its confirmation issues. That effort should be rejected because discovery aimed at plan confirmation implicates precisely the kinds of protections and guardrails that are built into Rules 7026-7037, but are absent (or materially weaker and ad hoc) under Rule 2004

3.      The Debtors remain committed to ensuring parties receive the information they need through the proper discovery framework and on a fair, orderly, and proportional basis. The Debtors file this Objection not to block the exchange of information and documents to BVY2, but to preserve and exercise the procedural safeguards to which the Debtors are entitled.

4.      To that end, the Debtors' proposed discovery schedule set forth in its contemporaneously filed *Emergency Motion for Expedited Discovery in Connection with Confirmation*, provides an appropriate framework for BVY2 to propound its discovery and allow

---

[2] The Debtors incorporate the Preliminary Statement and Procedural Background from its *Emergency Motion for Expedited Discovery in Connection with Confirmation* filed contemporaneously herewith.
[3] Referred to herein as the "**Rules**".

the parties to engage in a fair, proportional, and orderly process consistent with applicable rules that properly balance the rights of the parties.

**A.  Confirmation Discovery Should Be Conducted Pursuant to Bankruptcy Rules 7026-7037, Not Rule 2004.**

5.  The purpose of an examination pursuant to Rule 2004 is "to show the condition of the estate and to enable the Court to discover its extent and whereabouts, and to come into possession of it, that the rights of creditors may be preserved." *Cameron v. U.S.*, 231 U.S. 710, 717 (1914). Rule 2004 examinations may "relate *only* to the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate, or the debtor's right to a discharge." Fed. R. Bankr. P. 2004(b) (emphasis added). The party requesting a Rule 2004 examination has the burden to establish standing and good cause to take the requested examination, as well as the reasonableness of the examination. *See In re Waddell*, No. 24-11769(JLG), 2025 WL 957733, at *6-8 (Bankr. S.D.N.Y. Mar. 28, 2025) (denying motion for Rule 2004 examination because movant failed to meet his burden of showing good cause and proper purpose for Rule 2004 examination).

6.  The Court has broad discretion in determining whether to grant a motion under Rule 2004, and the Court may limit or prohibit a Rule 2004 examination sought for improper purposes, such as seeking to obtain discovery to support other proceedings. *See In re Enron Corp.*, 281 B.R. 836, 842 (Bankr. S.D.N.Y. 2002) (explaining that Rule 2004 examinations are not to be used as discovery devices for other pending litigation); *see also In re Cambridge Analytica LLC*, 600 B.R. 750, 752 (Bankr. S.D.N.Y. 2019) (holding that Rule 2004 examinations sought as litigation tactic to advance proceedings in other courts constitutes improper purpose); *In re Moseley*, No. 24-81498-BPC, 2025 WL 2056183 (Bankr. M.D. Ala. July 22, 2025) (discussing the balance of factors to determine 2004 discovery was not appropriate).

7.  It is a well-recognized rule that once an adversary proceeding or contested matter

is commenced, discovery should be pursued under the Federal Rules of Civil Procedure and not by Rule 2004. *In re Enron Corp.*, 281 B.R. at 840 (authorization of a Rule 2004 examination is inappropriate "where the party requesting the Rule 2004 examination could benefit their pending litigation ... against the proposed Rule 2004 examinee."); *see In re Kipp*, 86 B.R. 490, 491 (Bankr. W.D. Tex. 1988) (denying motion for 2004 examination because adversary proceeding had been initiated).

8.      Based on Rule 2004's substantive differences and purpose, courts have expressed concern that Rule 2004 examinations are used as a tactic to circumvent the safeguards of the Federal Rules of Civil Procedure. *In re Enron Corp.*, 281 B.R. 836, 842 (Bankr. S.D.N.Y. 2002); *see In re Dinubilo*, 177 B.R. 932, 939–40 & n. 12 (E.D.Cal.1993) (contrasting the substantive differences between Rule 2004 examinations and discovery under the Federal Rules); *see also In re Okla. Auto. Door Co., Inc.*, 599 B.R. 167, 170-71 (Bankr. W.D. Okla. 2019) ("One recognized limitation on the broad scope of Rule 2004 is the 'pending proceeding rule,' pursuant to which courts may preclude discovery under Rule 2004 based on the 'existence of other pending litigation in which such discovery could be obtained.'") (quoting *In re Int'l Fibercom, Inc.*, 283 B.R. 290, 292 (Bankr. D. Ariz. 2002)); *Blinder, Robinson*, 127 B.R. at 275 ("if an adversary proceeding or contested matter is pending, the discovery devices provided for in Rules 7026-7037, which adopt various discovery provisions of the Federal Rules of Civil Procedure, apply and Rule 2004 should not be used") (citing 8 COLLIER ON BANKRUPTCY ¶ 2004.03[1] at 2004-5 to -6 (L. King 15th ed. 1990)). Notably, the Motion itself emphasizes that a Rule 2004 examination provides "few of the procedural safeguards that an examination under Rule 26 of the Federal Rules of Civil Procedure provides." *Motion*, para. 12.

9.      Additionally, L.B.R. 2004-1 provides that "If a contested matter or an adversary proceeding is pending, the adversary discovery rules (Bankruptcy Rules 7027 - 7036), not

Bankruptcy Rule 2004 and Local Bankruptcy Rule 2004-1, govern discovery pertaining to such

contested matter or adversary proceeding."

10.     In a bankruptcy case, a contested request for relief will initiate either a contested

matter proceeding within the main bankruptcy itself or an independent adversary proceeding for

which a separate docket is maintained. A contested matter is typically triggered by a request for

relief involving the debtor or property of the estate that is expressly governed by provisions of the

Bankruptcy Code, such as a request to confirm a proposed chapter 11 plan of reorganization. *In re*

*Tommy's Fort Worth, LLC*, 671 B.R. 712, 731 (Bankr. N.D. Tex. 2025). Unless governed by a

separate Rule, a contested matter is procedurally governed by Rule 9014. *Id.*

11.     Here, BVY2 seeks discovery related to multiple contested matters, including

pending disputes regarding characterization of the BVY2 participations,[4] BVY2's objection to the

Debtors' bidding procedures motion,[5] BVY2's objection to Debtors' disclosure statement,[6] and,

apparently, an objection to confirmation of the Debtors' proposed plan. Each of these disputed

matters constitute a pending contested matter in the case, to which Rule 9014 applies. The requests

for production and examination topics are clearly targeted towards furthering BVY2's position

with respect to those contested matters. As such, Rule 9014, and the discovery provisions in Rules

---

[4] The Official Committee of Unsecured Creditors' (A) Objection to final approval of the Debtors' Amended
Emergency Motion for Entry of Interim and Final Orders (I) Authorizing the Debtors to Continue Their Servicing
Obligations, (II) Approving Loss Mitigation and Settlement Procedures, and (III) Granting Related Relief and
(B) Motion to Defer the Resolution of Any Issues Regarding the BVY2 Agreements Pending a Full Evidentiary
Hearing [Docket No. 166 and related filings at Docket Nos. 192, 219, 220]; Reservation of Rights and Objection of
BVY Partners II LLC to Debtors' Amended Emergency Motion for Entry of Interim and Final Orders (I) Authorizing
the Debtors to Continue Their Servicing Obligations, (II) Approving Loss Mitigation and Settlement Procedures, and
(III) Granting Related Relief [Docket No. 200]
[5] Reservation of Rights and Objection of BVY Partners II LLC to Debtors' Emergency Motion for Entry of An Order:
(I) Approving Bidding Procedures, (II) Scheduling Certain Deadlines, (III) Authorizing and Approving Procedures
for the Assumption and Assignment of the Assumed Contracts; (IV) Approving the Form and Manner of Notice of
Certain Events; and (V) Granting Related Relief [Docket No. 223]
[6] Reservation of Rights and Objection of BVY Partners II LLC to Debtors' Emergency Motion for Entry of An Order:
(I) Conditionally Approving the Disclosure Statement, (II) Scheduling a Combined Disclosure Statement Approval
and Plan Confirmation Hearing, (III) Establishing a Plan and Disclosure Statement Objection Deadline and Related
Procedures; (IV) Approving the Solicitation and Notice Procedures; and (V) Granting Related Relief [Docket No.
294]

7026-7037 invoked by Rule 9014, provide the appropriate procedural mechanisms for the discovery BVY2 seeks.

12.      BVY2 has declined to state why it must proceed under Rule 2004 and why it cannot get the same information under the applicable Rules 7026-7037, despite the Debtors' repeated requests for an explanation. BVY2 will not be prejudiced by the denial of the Motion because it may still obtain relevant information through Rules 7026-7037. *See In re Kipp*, 86 B.R. at 491.

**B.       Certain of the Discovery Requests are Objectionable.**

13.      Even if discovery pursuant to Rule 2004 was procedurally appropriate, BVY2 has failed to establish good cause for, and the reasonableness of, their requested Rule 2004 requests for production and examinations. The original form of the Motion made twenty-five (25) requests for production of documents to Debtors and sought examination of a representative of Debtors on each of those same twenty-five (25) requests. The Motion further made twelve (12) requests for production of documents to Debtors' financial advisor, FTI Consulting, Inc. ("**FTI**"), and sought examination of a representative of FTI on each of those same twelve (12) requests. BVY2 then filed an amended version of the exhibits revising the requests on January 23, 2026, supplementing, but not limiting, the requests for production and identifying eighteen (18) topics for examination of Debtors' representative and eleven (11) topics for examination of FTI's representative. [Docket No. 333]. BVY2 further filed an amended version of exhibits on January 25, 2026 [Docket No. 335], following a meet and confer with BVY2's counsel on January 24, 2026, where undersigned counsel shared *initial* concerns the Debtors had with the scope and breadth of the requests for production of documents to the Debtors—indeed, the parties did not have time to review and discuss the requests for production to FTI or any of the proposed examination topics.

14.      The requests for production seek "all documents and/or Communications" as to a wide range of topics, many of which are not tied to BVY2's interests in the cases or the pending

proceedings. As stated, the requests would require Debtors to undertake a significant document review of many custodian's emails and document files over an unspecified time. Moreover, many of the requests are worded so broadly that nearly every document and communication related to the Debtors' cases would be responsive, including privileged documents. Finally, the vagueness of certain requests makes it difficult for Debtors to determine exactly what documents and communications are being requested. The burden of responding to these requests on less than two business days' notice is not proportional to the needs of BVY2 with respect to BVY2's interests in the cases or the pending proceedings.

15.     After conference among counsel, BVY2 agreed to withdraw the requests as to FTI and proceed solely as to the requests to Debtors. While the parties were also able to make significant progress in limiting the issues as to the scope of the requests, the Debtors believe objections to certain requests may be necessary, but the Debtors require more than two business days' time to review, consult with its client, respond in a meaningful way, and exercise its rights accordingly. As such, it is paramount that the Court find that discovery under Rule 2004 is not appropriate and allow the Debtors to assert any necessary objections and avail themselves of the protections of the discovery rules applicable to a contested matter pursuant to Rule 9014 and Local Bankruptcy Rule 2004-1.

**C.     The Motion Seeks Expedited Discovery Without Requesting or Explaining the Rationale for BVY2's Delay in Seeking Discovery.**

16.     BVY2 filed the Motion on an emergency basis, with a hearing set on less than two business days' notice. Nothing in the Motion necessitates emergency relief. BVY2 has had six weeks to initiate discovery since the filing of the plan and disclosure statement and yet waited until this late date as the Debtors prepare for the confirmation hearing. Despite the Debtors' repeated requests for an explanation, BVY2 has declined to identify any reason why it did not attempt to engage the Debtors sooner with these requests. BVY2's failure to act more promptly is no one's

emergency but BVY2, and it should be considered with respect to the scope and timing of the relief BVY2 seeks.

17.     The Motion requests that all requested documents be produced and that the examinations occur not later than February 4, 2026, less than two weeks after the filing of the Motion. BVY2's expedited discovery schedule through a Rule 2004 construct eliminates any meaningful opportunity for the Debtors to review, prepare, and if necessary, assert objections. It also eliminates a meaningful opportunity to have the Court hear and determine objections. This is unreasonable and unfair, particularly in the face of what appears to be the genesis of this purported "emergency": BVY2 being unprepared.

18.     An alternative schedule and procedural posture for discovery should be entered by the Court. Debtors' proposed discovery schedule is set forth in its contemporaneously filed *Emergency Motion for Expedited Discovery in Connection with Confirmation*.

WHEREFORE, for the reasons stated herein, Debtors request that the Motion be denied as requested, and order discovery to be conducted pursuant to *Debtors' Emergency Motion For Expedited Discovery Related to Contested Matters Involving BVY Partners II LLC*, filed contemporaneously herewith, and granting such other and further relief as Debtors show themselves justly entitled.

Dated: January 25, 2026.                       Respectfully submitted,

*/s/ Zachary R.G. Fairlie*
Jason P. Kathman (Texas Bar No. 24070036)
Laurie N. Patton (Texas Bar No. 24078158)
Alex Anderson (Texas Bar No. 24138084)
**SPENCER FANE LLP**
5700 Granite Parkway, Suite 650
Plano, TX 75024
(972) 324-0300 – Telephone
(972) 324-0301 – Facsimile
Email:   jkathman@spencerfane.com
          lpatton@spencerfane.com
          alanderson@spencerfane.com

-and-

Zachary R.G. Fairlie (Admitted *Pro Hac Vice*)
**SPENCER FANE LLP**
1000 Walnut Street, Suite 1400
Kansas City, MO 64106
(816) 474-8100 – Telephone
(816) 474-3216 - Facsimile
Email:   zfairlie@spencerfane.com

**CO-COUNSEL FOR DEBTORS AND
DEBTORS-IN-POSSESSION**


## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that, on January 25, 2026, the foregoing pleadings was filed with the Clerk of the Court using the CM/ECF system.

*/s/ Zachary  R.G. Fairlie*
Zachary R. G. Fairlie


## CERTIFICATE OF CONFERENCE

I, the undersigned, hereby certify that counsel for the Debtors conferred with counsel for BVY2 via email on multiple occasions regarding the scope of relief sought in the Motion and initial concerns set forth in this Objection. Additionally, on January 24, 2026, counsel for the Debtors and counsel for BVY2 conferred by phone conference.

*/s/ Zachary  R.G. Fairlie*
Zachary R. G. Fairlie