Bruce J. Ruzinsky
State Bar No. 17469425
Victoria Argeroplos
State Bar No. 24105799
Taylor G. Lanier
State Bar No. 24149153
**JACKSON WALKER LLP**
1401 McKinney Street, Suite 1900
Houston, Texas 77010
(713) 752 - 4204 (Telephone)
(713) 308 - 4115 (Facsimile)
Email: bruzinsky@jw.com
Email: vargeroplos@jw.com
Email: tlanier@jw.com

**ATTORNEYS FOR THIRD COAST BANK**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

| | | |
|---|---|---|
| IN RE: | § | Chapter 11 |
| | § | |
| PRIMALEND CAPITAL PARTNERS, LP, *et al.*,[1] | § § § | Case No. 25-90013 (MXM) |
| | § | |
| Debtors. | § § | (Jointly Administered) |

## THIRD COAST BANK'S LIMITED OBJECTION TO PLAN CONFIRMATION

TO THE HONORABLE MARK X. MULLIN, UNITED STATES BANKRUPTCY JUDGE:

Third Coast Bank formerly known as Third Coast Bank, SSB ("TCB"), a party-in-interest, hereby files this Limited Objection to confirmation of the *Amended Joint Plan of Reorganization of PrimaLend Capital Partners, LP, et al.* [Docket No. 288] (as same may be amended or supplemented, the "Plan") and respectfully states as follows:

---

[1] The debtors and debtors-in-possession in these Chapter 11 Cases, along with the last four digits of their respective Employer Identification Numbers, are as follows: PrimaLend Capital Partners, LP (0313) ("PCP"), Good Floor Loans LLC (8219) ("GFL"), LNCMJ Management, LLC (1374) ("LNCMJ"), and PCAP Holdings LP (8774) ("PCAP"). The location of the Debtors' headquarters is 3460 Lotus Dr. Ste. 100, Plano, TX 75075.

- 1 -

1. TCB files this Limited Objection to the extent the Plan purports to transfer property free and clear of TCB's liens or otherwise purports to limit or impair such liens. TCB is a lender to non-debtor BVY II Partners, LLC ("BVY2") pursuant to a November 4, 2024 Revolving Credit Note, a November 4, 2024 Loan and Security Agreement, and other related loan documents (collectively, the "BVY2 Loan Documents") pursuant to which BVY2 pledged its interest in certain participation agreements between BVY2 and Debtor PCAP (collectively, the "Participation Agreements") as collateral.

2. On January 5, 2026, the Debtors filed the Plan.

3. On February 1, 2026, the Debtors filed an Amended Notice to Contract Parties to Potentially Assumed Executory Contracts and Unexpired Leases [Docket No. 356] (as same may be amended, the "Assumption Notice") have designated thirty participation agreements between BVY2 and PCAP [2] for potential assumption.

4. Based on the Assumption Notice and certain provisions of the Plan, the Plan and proposed sale documents purport to transfer the Debtors' interests in the Participation Agreements "free and clear of any Encumbrances." *See* Docket No. 358-2, Exhibit B to Plan Supplement, GFL Credit Bid APA § 2.2.1; Plan §§ 6.2(c), 8.2. Such a transfer contradicts, or at least fails to account for, the Court's February 2, 2026 ruling that the Debtors sold certain interests in the Participation Agreements such that those interest do not constitute estate property. *See* Docket No. 357, *Order Overruling Objections and Granting Remaining Relief in the Servicing Obligations Motion*.

5. It is also unclear if the Plan seeks to limit or impair TCB's liens in the Participation Agreements. *See* Plan §§ 2.2.27, 2.2.33, 21.2.37, 2.2.93, 2.2.157 (definitions regarding Liens); 6.2

---

[2] At the time of filing this Limited Objection, TCB is unable to determine from the Assumption Notice which of the designated participation agreements between BVY2 and PCAP are TCB's collateral. In this Limited Objection, TCB will refer to all participation agreements between BVY2 and PCAP as the "BVY2 Agreements").

(Restructuring/Sale Transactions); 6.3 (Cancellation of Liens); 6.10 (Liquidating Trust). Specifically, the Plan very broadly vests in the Liquidating Trust all of the Debtors' claims and causes of action related to BVY2 and the BVY2 Agreements "free and clear of all Claims, Interests, Liens, other encumbrances or interests of any kind." Plan § 6.10.d; *See also* Docket No. 358-5, Exhibit E to Plan Supplement, Designation of Non-Released Causes of Action. It is unclear whether TCB's rights would be affected or impaired by the proposed transfer or the potential subsequent litigation regarding the BVY2 Agreements, such as an avoidance action. *See* Plan §§ 2.2.27 and 2.2.97 (definitions of "BVY2-Related Assets" and "Liquidating Trust Assets").

6. TCB therefore objects to the Plan to the extent it (a) purports to transfer property that is not owned by any Debtor, namely, BVY2's interests in the Participation Agreements, (b) purports to strip the Participation Agreements of BVY2's ownership interests, and (c) purports to strip the Participation Agreements of TCB's liens in the Participation Agreements or otherwise limit or impair such liens. TCB files this Limited Objection out of an abundance of caution and seeks confirmatory language in the confirmation order to ensure that the Plan does not transfer non-estate property and does not strip the Participation Agreements of TCB's liens or otherwise limit or impair such liens.

Dated: February 9, 2026

        Respectfully submitted,

        **JACKSON WALKER LLP**

        By: */s/ Bruce J. Ruzinsky*

            Bruce J. Ruzinsky
            State Bar No. 17469425
            Victoria Argeroplos
            State Bar No. 24105799
            Taylor G. Lanier
            State Bar No. 24149153
            1401 McKinney Street, Suite 1900
            Houston, Texas 77010
            (713) 752 - 4204 (Telephone)
            (713) 308 - 4115 (Facsimile)
            Email: bruzinsky@jw.com
            Email: vargeroplos@jw.com
            Email: tlanier@jw.com

        **ATTORNEYS FOR THIRD COAST BANK**

## CERTIFICATE OF SERVICE

I hereby certify and verify that on February 9, 2026, the forgoing instrument was served via CM/ECF to all parties registered to receive electronic notice.

        By:*/s/ Bruce J. Ruzinsky*
           Bruce J. Ruzinsky