

CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

**ENTERED**

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed February 25, 2026**

**United States Bankruptcy Judge**

---

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

| | | |
|---|---|---|
| In re: | § | **Chapter 11** |
| | § | |
| **PRIMALEND CAPITAL PARTNERS, LP, *et al.*[1]** | § | **Case No. 25-90013 (MXM)** |
| | § | |
| Debtors. | § | **(Jointly Administered)** |

### FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER APPROVING THE SECOND AMENDED JOINT PLAN OF REORGANIZATION OF PRIMALEND CAPITAL PARTNERS, LP, ET AL

CAME ON FOR CONSIDERATION confirmation of the Debtors' *Joint Plan of Reorganization of PrimaLend Capital Partners, LP, et al.* [Docket No. 168] filed on December 8, 2025, by PrimaLend Capital Partners, LP ("**PCP**"), Good Floor Loans LLC ("**GFL**"), LNCMJ Management, LLC ("**LNCMJ**"), PCAP Holdings LP ("**PCAP**") (collectively PCP, GFL, LNCMJ, and PCAP are referred to herein as the "**Debtors**") in the above-captioned chapter 11 bankruptcy

---

[1] The debtors and debtors-in-possession in these Chapter 11 Cases, along with the last four digits of their respective Employer Identification Numbers, are as follows: PrimaLend Capital Partners, LP (0313) ("**PCP**"), Good Floor Loans LLC (8219) ("**GFL**"), LNCMJ Management, LLC (1374) ("**LNCMJ**"), and PCAP Holdings LP (8774) ("**PCAP**"). The location of the Debtors' headquarters is 3460 Lotus Dr. Ste. 100, Plano, TX 75075.

---

**FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER APPROVING THE SECOND AMENDED PLAN OF LIQUIDATION OF PRIMALEND CAPITAL PARTNERS, LP, ET AL**

**Page 1 of 33**

case, as amended by the Debtors' *Amended Joint Plan of Reorganization of PrimaLend Capital Partners, LP, et al.* [Docket No. 288] filed on January 5, 2026, as modified by that certain *Notice of Modification to Amended Joint Plan of Reorganization of PrimaLend Capital Partners, LP* (the "**Plan Modification**") [Docket No. 382] and the *Second Amended Joint Plan of Reorganization of PrimaLend Capital Partners, LP, et al.* (the "**Plan**") [Docket No. 412] filed on February 19, 2026.[2]

Having considered the Plan, the Disclosure Statement, the *Declaration of Brian Karpuk Regarding the Solicitation and Tabulation of Votes on the Amended Joint Plan of Reorganization of PrimaLend Capital Partners, LP, et. al.* [Docket No. 407] (the "**Initial Voting Report**") filed by the Debtors on February 18, 2026, the *Amended Declaration of Brian Karpuk Regarding the Solicitation and Tabulation of Votes on the Amended Joint Plan of Reorganization of PrimaLend Capital Partners, LP, et. al.* [Docket No. 413] (the "**Amended Voting Report**" and together with the Initial Voting Report, the "**Voting Report**") filed by the Debtors on February 19, 2026, and all other evidence and arguments presented at the confirmation hearing of the Plan held before this Court on February 20, 2026, at 9:30 a.m. CT (the "**Confirmation Hearing**"); and the Debtors having timely provided all holders of Claims against or Interests in the Debtors (collectively, "**Claimants**") and all parties in interest with good and sufficient notice of the Plan, Disclosure Statement, Confirmation Hearing, and all applicable deadlines in accordance with the provisions of title 11 of the United States Code (the "**Bankruptcy Code**"), the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), the Local Rules of this Court (the "**Local Rules**"), and the orders of this Court, as evidenced by the docket in this case, the Voting Report and the Certificates of Service filed with this Court (collectively, the "**Solicitation Certificates**"); and the

---

[2] Capitalized terms used but not defined herein shall have the meanings given in the Plan.

**FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER APPROVING THE SECOND AMENDED JOINT PLAN OF REORGANIZATION OF PRIMALEND CAPITAL PARTNERS, LP, ET AL**

Confirmation Objections (defined below) having been overruled by the Court on the record at the

Confirmation Hearing, and/or by terms of this order (this "**Confirmation Order**") or resolved by

the applicable parties; and upon the entire record of this case, the record made at the Confirmation

Hearing, and the arguments of counsel and all evidence adduced at the Confirmation Hearing; and

the Court having determined, based upon the foregoing, and as further set forth herein and on the

record, that the Plan should be confirmed; and after due deliberation and good cause appearing

therefor, the Court hereby:

### FINDS, DETERMINES, AND CONCLUDES AS FOLLOWS:

A.     **Findings and Conclusions**. The findings and conclusions set forth herein and in

the record of the Confirmation Hearing constitute the Court's findings of fact and conclusions of

law pursuant to Rule 52 of the Federal Rules of Civil Procedure, as made applicable by Bankruptcy

Rules 7052 and 9014. To the extent any of the following findings of fact constitute conclusions of

law, they are adopted as such. To the extent any of the following conclusions of law constitute

findings of fact, they are adopted as such.

B.     **Jurisdiction, Venue, Core Proceeding - 28 U.S.C. §§ 157(b)(2) and 1334(a)**. The

Court has jurisdiction over this case pursuant to 28 U.S.C. § 1334. Confirmation of the Plan is a

core proceeding under 28 U.S.C. § 157(b)(2), and this Court has jurisdiction to determine whether

the Plan complies with the applicable provisions of the Bankruptcy Code and should be confirmed.

The Debtors are each an eligible debtor under section 109 of the Bankruptcy Code. Venue is proper

under 28 U.S.C. §§ 1408 and 1409.

C.     **Eligibility for Relief.**  The Debtors were and are entities eligible for relief under

section 109 of the Bankruptcy Code.

---

**FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER APPROVING THE SECOND AMENDED
JOINT PLAN OF REORGANIZATION OF PRIMALEND CAPITAL PARTNERS, LP, ET AL**

**Page 3 of 33**
PL 6558793.8

D.      **Bankruptcy Cases**. On October 22, 2025 (the "**Initial Debtors' Petition Date**"),

PCP, GFL, LNCMJ (the "**Initial Debtors**") each filed voluntary petitions for relief under chapter

11 of the Bankruptcy Code, thereby commencing their various bankruptcy cases. The Court

entered its *Order Granting Debtors' Emergency Motion for Entry of an Order Jointly*

*Administering the Affiliated Debtors* (the "**Joint Admin Order**") [Docket No. 91] that *inter alia*

consolidated the Initial Debtors' cases for procedural purposes only and provided that the Initial

Debtors' cases are being jointly administered pursuant to Bankruptcy Rule 1015(b) and Local

Bankruptcy Rule 1015-1. On December 12, 2025 (the "**Additional Debtor Petition Date**"), PCAP

filed its voluntary petition for bankruptcy, thereby initiating its bankruptcy case. On December 31,

2025, the Court entered its *Order Directing (A) Certain Order in Chapter 11 Cases of PrimaLend*

*Capital Partners, LP, Et Al. Be Made Applicable to Additional Debtor and (B) Joint*

*Administration of Related Chapter 11 Case* (the "**Additional Debtor Incorporation Order**" and

together with the Initial Debtors' Petition Date, the "**Petition Date**") [Docket No. 275] which

provides *inter alia* that PCAP's bankruptcy case is equally being consolidated with the Initial

Debtors' bankruptcy cases for procedural purposes only and PCAP's bankruptcy case is being

jointly administered with the Initial Debtors' bankruptcy cases pursuant to Bankruptcy Rule

1015(b) and Local Bankruptcy Rule 1015-1. Further, the Additional Debtor Incorporation Order

provides that certain Preexisting Orders (as that term is defined in the Additional Debtor

Incorporation Order) entered in the jointly-administered cases are thereby made applicable to

PCAP effective as of the Additional Debtor Petition Date, as if PCAP was a Debtor referred to in

those orders. The bankruptcy cases are jointly-administered under the above-captioned Case No.

25-90013 (MXM) and are collectively referred to herein as the "**Chapter 11 Cases**." From and

after the Initial Debtors' Petition Date and Additional Debtor Petition Date, as applicable, the

**FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER APPROVING THE SECOND AMENDED
JOINT PLAN OF REORGANIZATION OF PRIMALEND CAPITAL PARTNERS, LP, ET AL**

Page 4 of 33
PL 6558793.8

Debtors managed their estates as debtors-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code. No party has requested the appointment of a trustee or examiner.

E.      **Appointment of the Official Committee of Unsecured Creditors.** On November 6, 2025, the Office of the United States Trustee for the Northern District of Texas (the "**UST**") appointed an official committee of unsecured creditors (the "**Committee**") pursuant to section 1102 of the Bankruptcy Code [Docket No. 107].

F.      **Judicial Notice**. The Court takes judicial notice of the docket of the Chapter 11 Cases maintained by the Clerk of the Court and/or its duly appointed agent, including all pleadings and other documents filed, all orders entered, and all evidence and arguments made, proffered, or addressed at the hearings held before the Court during the pendency of these Chapter 11 Cases.

G.      **Burden of Proof**. Based on the record of these Chapter 11 Cases: (i) the Debtors, as the proponents of the Plan, have met their burden of proving each element of sections 1129(a) and 1129(b) of the Bankruptcy Code by a preponderance of the evidence; (ii) the Debtors have complied with all applicable provisions of the Bankruptcy Code, Bankruptcy Rules, and Local Rules with respect to the Plan and Disclosure Statement and their solicitation of votes on the Plan, including, without limitation, Bankruptcy Rule 2002; and (iii) the Plan satisfies all applicable provisions of the Bankruptcy Code, Bankruptcy Rules, and Local Rules, including, without limitation, sections 1122, 1123, and 1129 of the Bankruptcy Code.

H.      **Disclosure Statement Order.** On January 8, 2026, the Court entered its *Order (I) Conditionally Approving the Disclosure Statement; (II) Scheduling a Combined Disclosure Statement Approval and Plan Confirmation Hearing; (III) Establishing a Plan and Disclosure Statement Objection Deadline and Related Procedures; (IV) Approving the Solicitation and Notice*

**FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER APPROVING THE SECOND AMENDED JOINT PLAN OF REORGANIZATION OF PRIMALEND CAPITAL PARTNERS, LP, ET AL**

Page 5 of 33
PL 6558793.8

*Procedures; and (V) Granting Related Relief* (the "**Disclosure Statement Order**") [Docket No.

304], which, among other things:

i.      conditionally approved the *Amended Disclosure Statement in Support of Joint Plan of Reorganization of Primalend Capital Partners, LP, et al.* [Docket No. 289];

ii.      approved the form of ballot to be utilized in soliciting the Plan;

iii.      established **February 9, 2026, at 5:00 p.m. CT** as the deadline for parties to submit ballots accepting or rejecting the Plan;

iv.      established **February 9, 2026, at 5:00 p.m. CT** as the deadline to object to adequacy of the Disclosure Statement and confirmation of the Plan; and

v.      scheduled the Confirmation Hearing.

I.      **Disclosure Statement**. The Disclosure Statement (including all applicable exhibits

thereto) provides Holders of Claims, Holders of Interests, and other parties in interest with

sufficient notice of the Releases, Exculpation, and Injunction provisions contained in the Plan, in

satisfaction of the requirements of Bankruptcy Rules 2002(c)(3) and 3016(b) and (c). The

Disclosure Statement is hereby approved, on a final basis, as containing adequate information in

accordance with section 1125(a)(1) of the Bankruptcy Code.

J.      **Notice**. Due, timely, proper, and adequate notice of the Plan and the Confirmation

Hearing, together with the deadlines for voting to accept or reject the Plan, to object to the Plan,

and to opt out of the Mutual Creditor Releases (as defined below), has been provided substantially

in accordance with the Bankruptcy Rules and the procedures set forth in the Disclosure Statement

Order.

K.      **Identification of Plan Proponents—Fed. R. Bankr. P. 3016(a)**. The Plan satisfies

Bankruptcy Rule 3016(a) by identifying the date of the Plan and the proponent of the Plan.

**FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER APPROVING THE SECOND AMENDED
JOINT PLAN OF REORGANIZATION OF PRIMALEND CAPITAL PARTNERS, LP, ET AL**

**Page 6 of 33**
PL 6558793.8

L.     **Solicitation**. As described in the Voting Report, the solicitation of votes on the Plan complied with the Solicitation Procedures set forth in Exhibit 1 to the Disclosure Statement Order, was appropriate and satisfactory based upon the circumstances of these Chapter 11 Cases, and was in compliance with the provisions of the Bankruptcy Code, the Bankruptcy Rules, and Local Rules.

M.     **Transmittal of Solicitation Package.** As described in the Voting Report, as applicable, the Solicitation Packages (as that term is defined in the Voting Report), including the Disclosure Statement, the Solicitation Procedures, the Combined Notice, and the appropriate Ballot were transmitted and served, including to all holders in the Voting Classes, in compliance with the Bankruptcy Code, including sections 1125 and 1126 thereof, the Bankruptcy Rules, including Bankruptcy Rules 3017 and 3018, the Local Rules, the Disclosure Statement Order, and any applicable non-bankruptcy law. Transmission and service of the Solicitation Packages were timely, adequate, and sufficient under the facts and circumstances of these Chapter 11 Cases. No further notice is required.

N.     **Transmission to Claims as of Voting Record Date**. As set forth in the Voting Report, the Solicitation Packages were distributed to Holders in the Voting Classes that held a Claim as of January 9, 2026 (the "**Voting Record Date**"). The establishment and notice of the Voting Record Date were reasonable and sufficient.

O.     **Sufficiency of Voting Time Period**.  The period during which the Debtors solicited acceptances or rejections to the Plan was a reasonable and sufficient period of time for each holder of an Allowed Claim in a Voting Class to make an informed decision to accept or reject the Plan.

P.     **Non-Voting Classes.** Under sections 1126(f) and 1126(g) of the Bankruptcy Code, holders of Claims or Interests in Classes 1, 2, 10, 11, 12, and 13 (the "**Non-Voting Classes**") are

**FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER APPROVING THE SECOND AMENDED
JOINT PLAN OF REORGANIZATION OF PRIMALEND CAPITAL PARTNERS, LP, ET AL**

**Page 7 of 33**
PL 6558793.8

Unimpaired and/or Impaired and are conclusively presumed to have accepted and/or deemed to reject the Plan.

Q. **Service of Notice of Non-Voting Status and Combined Notice**. The Debtors served a Notice of Non-Voting Status on all members in Class 1 (Other Secured Claims), Class 2 (Other Priority Claims), Class 10 (Subordination Claims), Class 11 (Intercompany Claims), Class 12 (Intercompany Interests), and Class 13 (PCAP Interests), and served the Combined Notice on all parties in interest.

R. **Good Faith Solicitation—11 U.S.C. § 1125(e)**. Based on the record before the Court in these Chapter 11 Cases, the Debtors and their attorneys, and other representatives have acted in good faith within the meaning of Section 1125(e) of the Bankruptcy Code in compliance with the applicable provisions of the Bankruptcy Code and Bankruptcy Rules in connection with all of their respective activities relating to the solicitation of acceptances to and consents to the treatment afforded under the Plan and their participation in the activities described in Section 1125 of the Bankruptcy Code.

S. **Notice of the Confirmation Hearing—Fed. R. Bankr. P. 2002 and 3017**. The Debtors gave notice of the Confirmation Hearing, the deadline to accept or reject the Plan, the deadline to opt out of the Mutual Creditor Releases (as defined below), and the deadline to object to the Plan in accordance with the Disclosure Statement Order. The Solicitation Package was transmitted to the creditors entitled to vote on the Plan in accordance with Bankruptcy Rules 2002 and 3017.

T. **Voting and Results.** As evidenced by the Voting Report, votes to accept or reject the Plan have been solicited and tabulated fairly, in good faith, and in a manner consistent with the Disclosure Statement Order, the Solicitation Procedures, the Bankruptcy Code, the Bankruptcy

**FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER APPROVING THE SECOND AMENDED JOINT PLAN OF REORGANIZATION OF PRIMALEND CAPITAL PARTNERS, LP, ET AL**

Page 8 of 33
PL 6558793.8

Rules, and the Local Rules. Classes 3, 4, 5, 6, 7, 8, and 9 voted to accept the Plan in accordance with section 1126 of the Bankruptcy Code. Based on the foregoing, and as evidenced by the Voting Report, at least one Impaired Class of Claims (excluding the acceptance by any insiders of the Debtors) has voted to accept the Plan in accordance with the requirements of sections 1124 and 1126 of the Bankruptcy Code.

U.     **Plan Supplement**. On February 2, 2026, the Debtors filed their *Notice of Filing of Plan Supplement* (the "**Plan Supplement**") [Docket No. 358]. The Plan Supplement (including as it may be subsequently modified, supplemented, or otherwise amended pursuant to its terms and in accordance herewith), including the *Second Amended Joint Plan of Reorganization of PrimaLend Capital Partners, LP, et al.* [Docket No. 412] filed on February 19, 2026, complies with the Bankruptcy Code and the terms of the Plan, and the Debtors provided good and proper notice of the filing in accordance with the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and under the facts and circumstances of these Chapter 11 Cases. The notice parties and Holders of Claims and Interests were provided due, adequate, and sufficient notice of the Plan Supplement. No other or further notice is or will be required with respect to the Plan Supplement. The Plan Supplement consists of the following documents: (a) the PCP Credit Bid APA; (b) the GFL Credit Bid APA; (c) Schedule of Assumed Contracts and Leases; (d) Liquidating Trust Agreement; and (e) Designation of Non-Released Causes of Action. All documents included in the Plan Supplement are integral to, part of, and incorporated by reference into the Plan. Subject to the terms of the Plan and this Confirmation Order, the Debtors and the Parties thereto have the right to alter, amend, update, or modify the Plan Supplement through the Effective Date; *provided* that the Plan Supplement shall not be so amended, modified, or supplemented in any manner

**FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER APPROVING THE SECOND AMENDED JOINT PLAN OF REORGANIZATION OF PRIMALEND CAPITAL PARTNERS, LP, ET AL**

Page 9 of 33
PL 6558793.8

inconsistent with the provisions of this Confirmation Order determining that the BVY2 Participation Agreements are not executory contracts.

V.     **Modifications**. On February 10, 2026, the Debtors filed the Plan Modification. The Plan Modification, and any other modification to the Plan, as incorporated into the Plan as set forth on the record at the Confirmation Hearing and in this Order, do not materially and adversely affect or change the treatment of any creditor who has not accepted such modifications. Under Bankruptcy Rule 3019, these modifications neither require additional disclosure under section 1125 of the Bankruptcy Code or re-solicitation of acceptance or rejection under section 1126 of the Bankruptcy Code, nor do they require that holders of Claims be afforded an opportunity to change previously cast acceptance or rejections of the Plan. Disclosure of the modifications on the record at the Confirmation Hearing constitutes due and sufficient notice thereof under the circumstances of these Chapter 11 Cases. Accordingly, pursuant to section 1127 of the Bankruptcy Code and Bankruptcy Rule 3019, all holders of Claims that have accepted or are conclusively deemed to have accepted the Plan are deemed to have accepted such modifications to the Plan.

W.     **Plan Compliance with 11 U.S.C. § 1129**. The Plan complies with the applicable provisions of section 1129 of the Bankruptcy Code.

a.     **Plan's Compliance with Bankruptcy Code — 11 U.S.C. § 1129(a)(1)**. The Plan complies with all applicable provisions of the Bankruptcy Code, thereby satisfying section 1129(a)(1) of the Bankruptcy Code.

i.     <u>Proper Classification 11 U.S.C. §§ 1122 and 1123(a)(1)</u>. In addition to Administrative Claims, which need not be classified, Article III of the Plan designates thirteen (13) Classes of Claims and Interests. The Claims placed in each Class are substantially similar to other Claims in each such Class, and such classification is therefore consistent with section 1122 of the Bankruptcy Code. Valid business, factual, and legal reasons exist for separately classifying

**FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER APPROVING THE SECOND AMENDED JOINT PLAN OF REORGANIZATION OF PRIMALEND CAPITAL PARTNERS, LP, ET AL**

**Page 10 of 33**
PL 6558793.8

the various Classes of Claims created under the Plan, and such Classes and the Plan's treatment thereof do not unfairly discriminate between Holders of Claims. The Plan satisfies sections 1122 and 1123(a)(1) of the Bankruptcy Code.

ii.    <u>Specified Treatment of Impaired and Unimpaired Classes—11 U.S.C. §§ 1123(a)(2) and (3)</u>. Article III of the Plan specifies whether each Class of Claims is Impaired or Unimpaired, satisfying section 1123(a)(2) of the Bankruptcy Code, and Article V of the Plan specifies the treatment of the Impaired Classes of Claims, thereby satisfying section 1123(a)(3) of the Bankruptcy Code.

iii.    <u>No Discrimination—11 U.S.C. § 1123(a)(4)</u>. Article V of the Plan either provides the same treatment for each Claim within each respective Class, or the Holder of a particular Claim or Interest has agreed to a less favorable treatment of his/her/its particular Claim or interest, thereby satisfying section 1123(a)(4) of the Bankruptcy Code.

iv.    <u>Implementation of the Plan—11 U.S.C. § 1123(a)(5)</u>. Article VI and elsewhere in the Plan provide adequate and proper means for implementing the Plan, including, among other things: (a) the consummation of the Plan, including the PCP Credit Bid Transaction, the GFL Credit Bid Transaction, and dissolution of the Debtors; (b) the creation of the Wind Down Estate and appointment of the Wind Down Administrator; (c) creation of the Liquidating Trust and appointment of the Liquidating Trustee; (d) the good faith compromise and settlement of Claims, Interests, or controversies by and between the overwhelming majority of the various constituencies in the Chapter 11 Cases; (e) the preservation and vesting of certain Causes of Action; (f) the dissolution of the Committee and the creation of the Liquidating Trust Board; (g) the authorization, approval, and entry of corporate action under the Plan.

v.    <u>Non-Voting Equity Securities—11 U.S.C. § 1123(a)(6)</u>. The Plan does not provide for the issuance of equity or other securities of the Debtors, including non-voting securities.

vi.    <u>Selection of Officers and Directors—11 U.S.C. § 1123(a)(7)</u>. The Debtors properly and adequately disclose in the Plan the person that will be managing the Wind Down Estate. Consequently, section 1123(a)(7) of the Bankruptcy Code is met.

**FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER APPROVING THE SECOND AMENDED JOINT PLAN OF REORGANIZATION OF PRIMALEND CAPITAL PARTNERS, LP, ET AL**

**Page 11 of 33**
PL 6558793.8

vii. <u>Impairment of Classes—11 U.S.C. § 1123(b)(1)</u>. In accordance with section 1123(b)(1) of the Bankruptcy Code, Article V of the Plan impairs or leaves Unimpaired, as the case may be, each Class of Claims under the Plan.

viii. <u>Treatment of Executory Contracts and Unexpired Leases—11 U.S.C. § 1123(b)(2)</u>. As provided more specifically in Article XII, the Plan constitutes a motion by the Debtors to reject all executory contracts and unexpired leases except for executory contracts or unexpired leases that (a) previously have been assumed or rejected pursuant to a Final Order of the Bankruptcy Court, (b) is specifically designated as a contract or lease to be assumed on the Schedule of Assumed Contracts and Leases (which includes any schedules attached to the Plan Supplement), (c) is the subject of a separate motion to assume or reject such contract or lease filed by the Debtors under section 365 of the Bankruptcy Code before the Effective Date. Article VIII, as modified by the Plan Modification, expressly provides that the Debtors do not contend that the BVY2 Participation Agreements are executory contracts, and the Debtors do not intend for the Plan to effectuate rejection and/or assumption of the BVY2 Participation Agreements.

ix. <u>Settlement of Claims—11 U.S.C. § 1123(b)(3)</u>. Articles V and VI of the Plan provide for various treatment of Classes of Claims, including the settlement of, or adjustments to, certain Claims or Interests belonging to the Debtors or to the Estates as allowed by section 1123(b)(3) of the Bankruptcy Code. The settlement encompassed in the Plan represents a global settlement and compromise by and between the First Lien PCP Lenders, Committee, and Ad-Hoc Group Noteholder Group. In addition, the compromises and settlements embodied in the Plan preserve value by enabling the Debtors to avoid extended, value-eroding litigation that could delay the Debtors' emergence from chapter 11, and the compromises and settlements in the Plan are fair, equitable, reasonable, and in the best interests of the Debtors and their Estates.

- **Debtor Releases**. Section 11.3 of the Plan effects a release of the Released Parties from any Claims and Causes of Action held by the Debtors, the Wind Down Administrator, and the Estates, that arose prior to the Effective Date (subject to and as more fully set forth in Section 11.3 of the Plan, the "**Debtor Releases**"). The Debtor Releases are critical to the successful implementation and confirmation of the Plan; the Debtor Releases are fair, reasonable, and in the best interests of the Debtors and their Estates; and the Debtor Releases are

**FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER APPROVING THE SECOND AMENDED JOINT PLAN OF REORGANIZATION OF PRIMALEND CAPITAL PARTNERS, LP, ET AL**

**Page 12 of 33**
PL 6558793.8

appropriate under the circumstances of these Chapter 11 Cases. Further, the Debtor Release constitutes a valid exercise of the Debtors' business judgment in these Chapter 11 Cases and is permissible under section 1123(b) of the Bankruptcy Code. The Debtor Releases are (a) reflective of the significant contributions the Released Parties made to a highly complex and contentious restructuring, including the negotiation, formulation, and effectuation of the PCP Credit Bid Transaction and GFL Credit Bid Transaction and transactions contemplated in the Plan; (b) given, and made, after due notice and opportunity for a hearing; and (c) a bar to the Debtors asserting a Claim or Causes of Action released by Section 11.3 of the Plan. The scope of the Debtor Releases is appropriately tailored to the facts and circumstances of these Chapter 11 Cases. The Debtor Releases are appropriate in light of, among other things, the critical nature of the Debtor Releases to the Plan. The Debtor Releases appropriately offer protection to parties that participated in the Debtors' restructuring process. Each of the Released Parties made significant concessions and contributions to these Chapter 11 Cases.

- **Mutual Creditor Releases.** The mutual releases of Claims and Causes of Action by and between the First Lien PCP Lender Mutual Release Parties and PCAP Noteholder Mutual Release Parties, as described in Sections 11.4 of the Plan (the "**Mutual Creditor Releases**"), were consensually provided after due notice and an opportunity for a hearing and is an essential provision of the Plan. The Mutual Creditor Releases are a critical and integral component of the Plan, thereby preventing significant and time-consuming litigation regarding the parties' respective rights and interests. The Mutual Creditor Releases provide finality for the First Lien PCP Lender Mutual Release Parties and PCAP Noteholder Mutual Release Parties regarding the parties' respective obligations under the Plan and the transactions contemplated therein. The Mutual Creditor Releases were instrumental in developing a Plan that maximized value for all of the Debtors' stakeholders. More specifically, the Mutual Creditor Releases were an essential element of the global settlement and compromise amongst the First Lien PCP Lenders, Committee, and Ad-Hoc Noteholder Group. As such, the Mutual Creditor Releases appropriately offer certain protections to parties who constructively participated

FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER APPROVING THE SECOND AMENDED
JOINT PLAN OF REORGANIZATION OF PRIMALEND CAPITAL PARTNERS, LP, ET AL

**Page 13 of 33**
PL 6558793.8

in the Debtors' chapter 11 process by, among other things, negotiating and supporting the Plan.

Notice of the Mutual Creditor Releases was provided to all holders of Claims and Interests, and such notice was adequate and appropriate under the facts and circumstances of these Chapter 11 Cases. The Combined Notice was sent to holders of Claims and Interests on January 9, 2026, and the Ballots and Notices, as applicable, sent to holders of Claims and Interests unambiguously stated that the Plan contains the Mutual Creditor Releases and that each such holder of Claims or Interests may elect not to grant the Mutual Creditor Releases. The release provisions of the Plan were conspicuous and emphasized with boldface type in the Plan, the Disclosure Statement, the Ballots, and the Notices. Further, opt-out information was provided in the Notices. The Mutual Creditor Releases provide appropriate and specific disclosure with respect to the Claims and Causes of Action that are subject to the Mutual Creditor Releases, and no other disclosure or notice is necessary.

Additionally, the Mutual Creditor Releases: (i) constitute a good-faith settlement and compromise of the claims and causes of action released by the Mutual Creditor Releases; (ii) are in the best interests of the Debtors and their Estates; (iii) are fair, equitable, and reasonable; (iv) are given and made after due notice and opportunity for hearing; (v) are narrowly tailored; and (vi) are a bar to any claims or causes of action released by the Mutual Creditor Releases; and (vi) are consistent with sections 105, 524, 1123, 1129 and 1141 and other applicable provisions of the Bankruptcy Code. Therefore, the Mutual Creditor Releases are reasonable, appropriate, and consistent with the provisions of the Bankruptcy Code and applicable law.

- **Exculpation**. The Plan provides for an exculpation limiting the liability of the Exculpated Parties for acts or omissions in connection with, among other things, the Chapter 11 Cases, the commencement and administration of the Chapter 11 Cases, or the negotiation or implementation of the Plan (subject to and as more fully described in Section 11.5 of the Plan, the "**Exculpation**"). The Exculpation is appropriate and vital because it provides protection to those parties who served as fiduciaries during the Chapter 11 Cases or made substantial and critical contributions to the Plan. The

**FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER APPROVING THE SECOND AMENDED
JOINT PLAN OF REORGANIZATION OF PRIMALEND CAPITAL PARTNERS, LP, ET AL**

**Page 14 of 33**
PL 6558793.8

Exculpation prevents future collateral attacks against those who have worked to maximize the Estate and, therefore, the Exculpation is appropriate and consistent with applicable law. The Exculpation is permissible under section 1123(b) of the Bankruptcy Code.

- **Injunction**. The Plan permanently enjoins parties from pursuing or enforcing any Claims or Interests that are released or exculpated under the terms of the Plan (as more fully described in Section 11.6 of the Plan, the "**Injunction**"), which is a key component of the Plan necessary to implement the Releases and Exculpation. Without the injunction, the Plan's Releases and Exculpation would lose their impact. The Injunction is permissible under section 1123(b) of the Bankruptcy Code.

- **Settlement**. Pursuant to section 1123 of the Bankruptcy Code and Bankruptcy Rule 9019, and in consideration for the classification, Distributions, Releases, and other benefits provided under the Plan, on the Effective Date, the provisions of the Plan (including, the Releases, Exculpation, and Injunction) shall constitute a good-faith compromise and settlement of all controversies, Claims, and interests resolved pursuant to the Plan. The Plan is a valid compromise of Claims and Interests and is the product of good faith, arm's-length negotiations with the Debtors' Creditors. The Plan represents the best possible recovery to general unsecured Creditors and other parties in interest under the circumstances. As further set forth herein, the Plan represents a valid compromise that is fair and equitable and in the best interests of the Estate. The Plan's settlement and compromise of Claims and Interests is permissible under section 1123(b) of the Bankruptcy Code.

x. <u>Sale of Debtors' Assets—11 U.S.C. § 1123(b)(4)</u>. Article VI, specifically Section 6.2, of the Plan provides for the sale of substantially all of PCP's assets and substantially all of GFL's assets pursuant to the PCP Credit Bid Transaction and GFL Credit Bid Transaction, respectively.

xi. <u>Treatment of Rights of Holders of Claims—11 U.S.C. § 1123(b)(5)</u>. The Plan is consistent with section 1123(b)(5) of the Bankruptcy Code. Article III of the Plan modifies or leaves unaffected, as applicable, the rights of certain holders of Claims, as permitted by section 1123(b)(5) of the Bankruptcy Code.

**FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER APPROVING THE SECOND AMENDED JOINT PLAN OF REORGANIZATION OF PRIMALEND CAPITAL PARTNERS, LP, ET AL**

**Page 15 of 33**
PL 6558793.8

xii.   Permissive Plan Provisions—11 U.S.C. § 1123(b). The other discretionary provisions in the Plan are appropriate and consistent with the applicable provisions of the Bankruptcy Code, thereby satisfying section 1123(b)(6) of the Bankruptcy Code.

b.   **Debtors' Compliance with Bankruptcy Code — 11 U.S.C. § 1129(a)(2).**

The Debtors have complied with the applicable provisions of the Bankruptcy Code, thereby satisfying section 1129(a)(2). Based upon the record made at the Confirmation Hearing and pleadings filed in the Chapter 11 Cases, the Debtors have complied with applicable provisions of the Bankruptcy Code and orders of the Court, and the Debtors have complied with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and the Disclosure Statement Order in transmitting the Solicitation Package and related documents and notices and in soliciting and tabulating votes on the Plan. Further, each Debtor:

i.   is an eligible debtor under section 109 of the Bankruptcy Code and a proper proponent of the Plan under section 1121(a) of the Bankruptcy Code;

ii.   has complied with applicable provisions of the Bankruptcy Code, except as otherwise provided or permitted by orders of the Bankruptcy Court; and

iii.   has complied with the applicable provisions of the Bankruptcy Code, including sections 1125 and 1126, the Bankruptcy Rules, the Local Rules, any applicable non-bankruptcy law, rules and regulations, the Disclosure Statement Order, and all other applicable law, in transmitting the Solicitation Packages and the Notice of Non-Voting Status and related documents and notices, and in soliciting and tabulating the votes on the Plan.

c.   **Plan Proposed in Good Faith — 11 U.S.C. § 1129(a)(3).** The Debtors have proposed the Plan in good faith and not by any means forbidden by law, thereby satisfying section 1129(a)(3) of the Bankruptcy Code. The Debtors' good faith is evident

**FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER APPROVING THE SECOND AMENDED JOINT PLAN OF REORGANIZATION OF PRIMALEND CAPITAL PARTNERS, LP, ET AL**

**Page 16 of 33**
PL 6558793.8

from the facts and record of these Chapter 11 Cases, the Disclosure Statement, the record made at the Confirmation Hearing, and the other proceedings in these Chapter 11 Cases. The Plan was proposed with the legitimate and honest purpose of maximizing the value of the Debtors' Estates and to effectuate a liquidation of the Debtors. The Plan was negotiated at arm's-length. Further, the Plan's classification, Exculpation, Releases, and Injunction provisions have been negotiated in good faith and at arm's-length. Such provisions are consistent with sections 105, 1122, 1123(b)(6), 1125, 1129, and 1142 of the Bankruptcy Code; each provision is necessary for the success of the Plan; and none of the Plan's provisions were included for any improper purpose.

d.      **Payment for Services or Costs and Expenses — 11 U.S.C. § 1129(a)(4)**. The Plan complies with section 1129(a)(4) of the Bankruptcy Code in that any payments to be made by the Debtors for services or for costs and expenses in connection with these Chapter 11 Cases or in connection with the Plan and incident to these Chapter 11 Cases have been approved by, or are subject to the approval of, the Court as reasonable, thereby satisfying section 1129(a)(4) of the Bankruptcy Code.

e.      **Directors, Officers, and Insiders — 11 U.S.C. § 1129(a)(5)**. Because the Plan provides for the dissolution of the existing board or managers of LNCMJ and that any manager shall be deemed to have resigned and ceases to serve automatically as of the Effective Date, section 1129(a)(5) of the Bankruptcy Code does not apply to the Debtors. To the extent section 1129(a)(5) of the Bankruptcy Code applies to the Wind Down Administrator or Liquidating Trustee, the Debtors have satisfied the requirements of this provision by, among other things, agreeing to disclose the identities of the Wind Down Administrator and the Liquidating Trustee.

**FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER APPROVING THE SECOND AMENDED JOINT PLAN OF REORGANIZATION OF PRIMALEND CAPITAL PARTNERS, LP, ET AL**

**Page 17 of 33**
PL 6558793.8

f.      **No Rate Changes — 11 U.S.C. § 1129(a)(6)**. Section 1129(a)(6) of the Bankruptcy Code is not applicable to the Debtors or the Plan.

g.      **Best Interest of Creditors — 11 U.S.C. § 1129(a)(7).** The Plan satisfies section 1129(a)(7) of the Bankruptcy Code. The Plan, Disclosure Statement, and evidence adduced at the Confirmation Hearing (i) are persuasive, credible, and accurate as of the dates such evidence was prepared, presented, or proffered; (ii) have not been controverted by other persuasive evidence or have not been challenged; (iii) are based upon reasonable and sound assumptions; (iv) provide a reasonable estimate of the liquidation value of the Debtors' assets upon conversion to a chapter 7 proceeding; and (v) establish that each holder of a Claim in an Impaired Class will receive or retain under the Plan, on account of such Claim, property of a value, as of the Effective Date of the Plan, that is not less than the amount that it would receive if the Debtors were liquidated under chapter 7 of the Bankruptcy Code on such date.

h.      **Acceptance by Impaired Classes — 11 U.S.C. § 1129(a)(8).** Claims in Classes 3, 4, 6, 7, 8, and 9 are Impaired under the Plan, and each of those Classes other than Class 4 have accepted the Plan in accordance with section 1126(c) of the Bankruptcy Code, as demonstrated by the Voting Report. Claims in Classes 10, 11, 12, and 13 are Impaired and deemed to reject the Plan pursuant to section 1126(g). The Plan satisfies the requirements for confirmation under the "cram down" provisions of section 1129(b) of the Bankruptcy Code.

i.      **Administrative Claims and Professional Claims — 11 U.S.C. § 1129(a)(9).** The treatment of Administrative Claims and Professional Claims set forth in Article IV of the Plan satisfies the requirements of section 1129(a)(9) of the Bankruptcy

FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER APPROVING THE SECOND AMENDED
JOINT PLAN OF REORGANIZATION OF PRIMALEND CAPITAL PARTNERS, LP, ET AL

**Page 18 of 33**
PL 6558793.8

Code. Administrative Claims and Professional Claims will be paid in full on the Effective Date of the Plan, unless otherwise agreed upon by the Debtors and the holder of a respective Administrative Claim or Priority Tax Claim.

j.      **Acceptance by Impaired Class — 11 U.S.C. § 1129(a)(10).** Section 1129(a)(10) of the Bankruptcy Code is satisfied in that, as described above and in the Voting Report, Classes 3, 4, 6, 7, 8, and 9 are Impaired and voted to accept the Plan.

k.      **Feasibility — §11 U.S.C. § 1129(a)(11).** Section 1129(a)(11) of the Bankruptcy Code is satisfied in that the Plan provides for the liquidation, wind down, and dissolution of the Debtors. The evidence supporting the Plan proffered or adduced by the Debtors at or before the Confirmation Hearing: (a) is reasonable, persuasive, credible, and accurate as of the dates such evidence was prepared, presented, or proffered; (b) has not been controverted by other persuasive evidence; (c) establishes that the Plan is feasible and Confirmation of the Plan is not likely to be followed by liquidation or the need for further financial reorganization; (d) establishes the Plan may be implemented and has a reasonable likelihood of success; (e) establishes that the Debtors, the Wind Down Administrator, and the Liquidating Trustee, as applicable, will have sufficient funds available to meet their obligations under the Plan; and (f) establishes that the Wind Down Administrator or the Liquidating Trustee, as applicable, will have the financial wherewithal to satisfy their obligations following the Effective Date.

l.      **U.S. Trustee Fees — 11 U.S.C. § 1129(a)(12)**. The Plan satisfies section 1129(a)(12) of the Bankruptcy Code in that Section 4.5 of the Plan provides for all U.S. Trustee Fees that are currently due and payable under 28 U.S.C. § 1930, as determined by

the Court, to be paid by the Debtors on or before the Effective Date, and for all U.S. Trustee

Fees coming due after the Effective Date to be paid by the Liquidating Trustee when due.

m.     **Retiree Benefits — 11 U.S.C. § 1129(a)(13)**. The Debtors do not have any

retiree benefits to be continued under the Plan. Thus, section 1129(a)(13) of the Bankruptcy

Code is not applicable.

n.     **Domestic Support Obligations — 11 U.S.C. § 1129(a)(14).**

Section 1129(a)(14) of the Bankruptcy Code is not applicable because the Debtors are not

individuals and do not have any domestic support obligations**.**

o.     **Payments by Individual Debtors — 11 U.S.C. § 1129(a)(15).** Section

1129(a)(15) of the Bankruptcy Code is not applicable because the Debtors are not

individuals.

p.     **Transfers of Property — 11 U.S.C. § 1129(a)(16).** Section 1129(a)(16) of

the Bankruptcy Code is not applicable because the Debtors are not non-profit corporations

or trusts. All transfers of property contemplated by the Plan are to be made in accordance

with applicable non-bankruptcy law governing the transfer of property.

q.     **Non-Consensual Confirmation (Cram Down) — 11 U.S.C. § 1129(b).**

The Plan meets the requirement for cram down under section 1129(b) of the Bankruptcy

Code. Notwithstanding that Classes 10, 11, 12, and 13 were deemed to reject the Plan, the

Plan may be confirmed pursuant to section 1129(b)(1) of the Bankruptcy Code. First, all

of the requirements of section 1129(a) of the Bankruptcy Code other than section

1129(a)(8) have been met. Second, the Plan is fair and equitable with respect to the

rejecting classes. The Plan has been proposed in good faith, is reasonable and meets the

requirements that no holder of any Claim or Interest that is junior to each such Class will

receive or retain any property under the Plan on account of such junior Claim or Interest, and no holder of a Claim or Interest in a Class senior to such Classes is receiving more than payment in full on account of its Claim or Interest. Accordingly, the Plan is fair and equitable towards all holders of Claims and Interests in the rejecting classes. Third, the Plan does not discriminate unfairly with respect to the rejecting classes because similarly situated Claims and Interest holders will receive substantially similar treatment on account of their Claims or Interests, as applicable, in such Class. As set forth in the Plan, the holders of Allowed Claims in the rejecting classes are all receiving equal treatment, as is required. Therefore, the Plan may be confirmed despite the fact that not all Impaired Classes have voted to accept the Plan.

r.  **Only one Plan – 11 U.S.C. § 1129(c).**  The Plan is the only chapter 11 plan filed in these Chapter 11 Cases, as such, section 1129(c) of the Bankruptcy Code is satisfied.

s.  **Principal Purpose of the Plan – 11 U.S.C. § 1129(d).**  The principal purpose of the Plan is not the avoidance of taxes or the avoidance of the application of section 5 of the 1933 Act. Therefore, the Plan satisfies the requirements of section 1129(d) of the Bankruptcy Code.

t.  **No Small Business Case — 11 U.S.C. § 1129(e).**  The Chapter 11 Cases are not small business cases and, accordingly, section 1129(e) of the Bankruptcy Code does not apply.

u.  **Objections Filed**. The following parties filed objections to confirmation of the Plan:

FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER APPROVING THE SECOND AMENDED
JOINT PLAN OF REORGANIZATION OF PRIMALEND CAPITAL PARTNERS, LP, ET AL

**Page 21 of 33**
PL 6558793.8

i.  United States Trustee's Objection to (I) Final Approval of Amended Disclosure Statement for Amended Joint Plan of Reorganization of PrimaLend Capital Partners, LP. Et al, and (II) Confirmation of Amended Joint Plan of Reorganization of PrimaLend Capital Partners, LP. et al [Docket No. 376];

ii.  Amarillo National Bank's Objection to Confirmation of Plan [Docket No. 377];

iii.  Third Coast Bank's Limited Objection to Plan Confirmation [Docket No. 379];

iv.  Merkostone's Objection to Debtors' Amended Joint Plan of Reorganization [Docket No. 388]; and

v.  Reservation of Rights and Limited Objection of BVY Partners II LLC to Confirmation of the Amended Joint Plan of Reorganization of PrimaLend Capital Partners, LP, et al. [Docket No. 400].

(collectively, the "**Confirmation Objections**").

v.  **Satisfaction of Confirmation Requirements**. Based upon the foregoing, and all other pleadings and evidence proffered or adduced at or prior to the Confirmation Hearing, the Plan satisfies the requirements of section 1129 of the Bankruptcy Code.

**ACCORDINGLY, THE COURT HEREBY ORDERS THAT:**

1.  **Findings of Fact and Conclusions of Law.** The above-referenced findings and conclusions of law are hereby incorporated by reference as though fully set forth herein, and any oral ruling made at the Confirmation Hearing constitutes the Court's findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure, as made applicable by Bankruptcy Rules 7052 and 9014. To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

2.      **Confirmation of the Plan**. The Plan, which includes any and all modifications, supplements, and exhibits, including any modifications, supplements, and exhibits set forth on the record at the Confirmation Hearing, is **APPROVED** and **CONFIRMED** under section 1129 of the Bankruptcy Code, subject to the terms contained herein. The terms of the Plan are incorporated by reference into and are an integral part of this Confirmation Order. For reference, the Plan, with the modifications, supplements, and exhibits incorporated, is attached as **Exhibit A** to this Confirmation Order.

3.      **Headings.** Headings utilized in this Confirmation Order are for convenience of reference only and do not constitute a part of the Plan or this Confirmation Order for any other purpose.

4.      **Objections**. All objections (including any reservations of rights contained therein or stated separately) to approval of confirmation of the Plan or final approval of the Disclosure Statement that have not been withdrawn, waived, or settled, including without limitation the Confirmation Objections, are **OVERRULED** and **DENIED** on the merits in their entirety, and all withdrawn objections are deemed withdrawn with prejudice.

5.      **Deemed Acceptance of the Plan**. In accordance with section 1127 of the Bankruptcy Code and Bankruptcy Rule 3019, all holders of Claims or Interests who voted to accept the Plan or who are conclusively presumed to accept the Plan are deemed to have accepted the Plan, as modified by the Plan Modification and this Confirmation Order.

6.      **No Action Required.** Under section 1142(b) of the Bankruptcy Code and any other comparable provisions under applicable law, no action of the respective directors, equity holders, managers, or members of the Debtors is required to authorize the Debtors to enter into, execute, deliver, File, adopt, amend, restate, consummate, or effectuate, as the case may be, the Plan, the

**FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER APPROVING THE SECOND AMENDED JOINT PLAN OF REORGANIZATION OF PRIMALEND CAPITAL PARTNERS, LP, ET AL**

**Page 23 of 33**
PL 6558793.8

Restructuring Transactions, and any contract, assignment, certificate, instrument, or other document to be executed, delivered, adopted, or amended in connection with the implementation of the Plan.

7.        **Immediate Binding Effect.**  Notwithstanding Bankruptcy Rules 3020(e), 6004(h), 7062, or otherwise, upon the occurrence of the Effective Date, the terms of the Plan shall be immediately effective and enforceable and deemed binding upon and inure to the benefit of the Debtors, the Wind Down Administrator, the Liquidating Trust, the Liquidating Trustee, the holders of Claims or Interests, the Released Parties, and each of their respective successors and assigns. Any action to be taken on the Effective Date may be taken on or as soon as reasonably practicable thereafter.

8.        **Effects of Confirmation; Effectiveness; Successors and Assigns.** Pursuant to section 1141 of the Bankruptcy Code, subject to the occurrence of the Effective Date and subject to the terms of the Plan and this Confirmation Order, all prior orders entered in these Chapter 11 Cases (including without limitation the Court's *Order Overruling Objections and Granting Remaining Relief in the Servicing Obligations Motion* ("**Participation Dispute Ruling**") [Docket No. 357]) all documents and agreements executed by the Debtors as authorized and directed thereunder, and all motions or requests for relief by the Debtors pending before this Bankruptcy Court as of the Effective Date shall be binding upon and shall inure to the benefit of the Debtors, the Wind Down Estate, the Wind Down Administrator, the Liquidating Trust, the Liquidating Trustee, as applicable, and their respective successors and assigns.

9.        **Classification and Treatment.** The Plan's classification scheme is approved. The terms of the Plan shall govern the classification and treatment of Claims and Interests for purposes of the distributions to be made thereunder.

**FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER APPROVING THE SECOND AMENDED JOINT PLAN OF REORGANIZATION OF PRIMALEND CAPITAL PARTNERS, LP, ET AL**

**Page 24 of 33**
PL 6558793.8

10.    **Subordination of Claims.** The allowance, classification, and treatment of all Allowed Claims and Interests and the respective distributions and treatments under the Plan shall take into account and conform to the relative priority and rights of the Claims and Interests in each Class in connection with any contractual, legal, and equitable subordination rights relating thereto, whether arising under general principles of equitable subordination, contract, section 510(b) of the Bankruptcy Code, or otherwise.  Pursuant to section 510 of the Bankruptcy Code, the Debtors, the Liquidating Trustee, or the Wind Down Administrator (as applicable) reserve the right to re-classify any Allowed Claim or Allowed Interest in accordance with any contractual, legal, or equitable subordination relating thereto, subject in all respects to the Plan and the DIP Orders.

11.    **Separate Plans.** Notwithstanding the combination of separate chapter 11 plans for the Debtors set forth in the Plan for purposes of economy and efficiency, the Plan constitutes a separate chapter 11 plan for each Debtor. Accordingly, if the Bankruptcy Court does not confirm the Plan with respect to one or more Debtors, it still confirms the Plan with respect to any other Debtor that satisfies the confirmation requirements of section 1129 of the Bankruptcy Code.

12.    **Settlements Approved**. Pursuant to section 1123(b)(2) of the Bankruptcy Code and Bankruptcy Rule 9019, and in connection with the distributions, releases, and other benefits provided pursuant to the Plan, upon the Effective Date, the provisions of the Plan shall constitute a good faith compromise and settlement of Claims, Interests, and controversies relating to the contractual, legal, and subordination rights that a Holders of Claims or Interests may have with respect to any Allowed Claim or Interest or any distribution to be made on account of such Allowed Claim or Interest. The entry of this Confirmation Order shall constitute the Bankruptcy Court's approval of the compromise and settlement of all such Claims, Interests, and controversies, as well as a finding by the Bankruptcy Court that such compromise or settlement is in the best interests of

**FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER APPROVING THE SECOND AMENDED JOINT PLAN OF REORGANIZATION OF PRIMALEND CAPITAL PARTNERS, LP, ET AL**

**Page 25 of 33**
PL 6558793.8

the Debtors, their Estates, and Holders of such Claims or Interests, and is fair, equitable, and reasonable. More specifically, the compromises and settlements specified in Articles VI and XI of the Plan are expressly approved and conclusively determined to be in the best interests of Creditors and the Estate.

13.     **Debtors' Releases, Mutual Creditor Releases, Exculpation, Injunction and Related Provisions under the Plan.** The discharge, releases, injunctions, exculpations, and related provisions set forth in Article XI of the Plan are incorporated herein in their entirety, are hereby approved and authorized in all respects, are so ordered, and shall be immediately effective on the Effective Date without further order or action on the part of this Bankruptcy Court or any other party.

14.     **Injunction Against Interference with the Plan.** Pursuant to Article XI of the Plan, upon the entry of the Confirmation Order, all Creditors and other persons, whether acting in concert with them or otherwise, are enjoined and restrained pursuant to section 105 of the Bankruptcy Code from taking any action to interfere with the implementation or consummation of the Plan.

15.     **Plan Implementation Authorization**. Pursuant to the Plan, all necessary documents for the implementation of the Plan shall, once finalized, be executed by all necessary parties in interest on the Effective Date, unless a different date is provided by the Plan.

16.     **Assumption or Rejection of Executory Contracts and Unexpired Leases – 11 U.S.C. § 1123(b)(2)**. Pursuant to Article VIII of the Plan, all executory contracts and unexpired leases to which the Debtors are a party which are not expressly assumed in the Plan shall be rejected as of the Petition Date, unless the Debtors expressly assumed or rejected such contract or

lease on or before the Effective Date. For the sake of clarity, nothing in this Order is meant to alter any order of this Court with regard to a prior assumption or rejection.

17. **Damage Claims**. Pursuant to Article VIII of the Plan, any Claims based upon rejection of an executory contract or unexpired lease shall be forever barred and shall not be enforceable against the Debtors, unless a proof of claim is filed with the Bankruptcy Court and served on the Debtors such that they actually receive the proof of claim within 30 calendar days of entry of this Confirmation Order. All Allowed Claims for rejection damages, unless otherwise specifically provided for or addressed in this Plan, shall be treated as a Class 9 Claim.

18. **Governmental Approvals Not Required**. This Confirmation Order shall constitute all approvals and consents required, if any, by the laws, rules, or regulations of any State or any other governmental authority with respect to implementation or consummation of the Plan and any documents, instruments, or agreements, and any amendments or modifications thereto, and any other acts referred to in or contemplated by the Plan and any documents, instruments, agreements, amendments, or modifications related thereto.

19. **Governmental Exceptions**. Notwithstanding anything in the Plan to the contrary, including Section 11.6 of the Plan, nothing in the Plan shall restrict or prohibit the United States government or any of its agencies, or any state and local authority, from enforcing their police and regulatory powers as specified in section 362(b)(4) of the Bankruptcy Code, including the criminal and environmental laws of the United States; nor shall anything in this Confirmation Order or the Plan exculpate any party or person from any liability to the United States government or any of its agencies, or any state and local agency, arising from any violation of such police and regulatory powers.

FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER APPROVING THE SECOND AMENDED
JOINT PLAN OF REORGANIZATION OF PRIMALEND CAPITAL PARTNERS, LP, ET AL

**Page 27 of 33**
PL 6558793.8

20.     **Exemption from Certain Taxes**. Pursuant to section 1146(c) of the Bankruptcy Code, any transfers contemplated by the Plan shall not be subject to any stamp, transfer tax, or similar tax.

21.     **Resolution of Claims**. Except as otherwise ordered by the Court, any Claim that is not an Allowed Claim shall be determined, resolved, or adjudicated in accordance with the terms of the Plan. All objections to Claims shall be filed with the Court within ninety (90) days from the Effective Date, and a copy of the objection shall be served upon the Holder of the Claim to which such objection pertains. Any request for an extension period to object to Claims need be served only upon the creditors involved and the United States Trustee.

22.     **BHPH Dealers' Reservation of Rights.** Notwithstanding anything to the contrary contained in this Confirmation Order or the Plan, nothing contained herein or therein (including the consummation of each of the PCP Credit Bid Transaction and the GFL Credit Bid Transaction) shall in any way limit, impair, or otherwise affect or impact any rights or remedies arising at law, in equity, by contract, or otherwise, including, among others, rights of setoff, recoupment, recission, offset, defenses, or counterclaims (collectively, the "**BHPH Dealers' Rights**"), that Prime Asset LLC, Oha Papi, LLC, and Merkostone LLC d/b/a SS Motor Cars, Texas Auto Capital LLC, Coro Import Export, Inc., VCA Financial LLC, and/or VCA Investment Group, Inc., Lake City Investment, LLC, Si Auto Loans, Inc., Si Auto Inc., Lotus Auto Group, Inc., and McCall's Autos Sales, LLC (collectively, the "**BHPH Dealers**") have against the Debtors arising from, relating to, or under any revolving lines of credit, sub-debt loans, inventory floorplan loans, real-estate backed loans, and other loans between the BHPH Dealers and the Debtors (collectively, the "**BHPH Dealers' Loans**"). For the avoidance of doubt, PCP Credit Bid Purchaser's acquisition of the PCP Transferred Assets and GFL Credit Bid Purchaser's acquisition of the GFL Transferred

**FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER APPROVING THE SECOND AMENDED JOINT PLAN OF REORGANIZATION OF PRIMALEND CAPITAL PARTNERS, LP, ET AL**

**Page 28 of 33**
PL 6558793.8

Assets shall remain subject to the BHPH Dealers' Rights specifically arising from or relating to, the BHPH Dealers' Loans to the extent that the BHPH Dealers' Loans constitute PCP Transferred Assets or the GFL Transferred Assets; provided, however, that the PCP Transferred Assets shall be transferred free and clear of any claims or causes of action to the fullest extent allowed by law, except for the defenses of recoupment and setoff that any such BHPH Dealers may have, which defenses shall not result in any affirmative recovery against the PCP Credit Bid Purchaser above and beyond the amount owed by such BHPH Dealer to PCP; provided, further that nothing herein shall be construed to mean that any of the BHPH Dealers' alleged claims or causes of action are valid or meritorious.

23.    **Participation Dispute Ruling.** The findings and conclusions set forth in the Participation Dispute Ruling are incorporated by reference into and are an integral part of this Confirmation Order. In the event of any inconsistency between the Confirmation Order and the Plan, the Disclosure Statement, the Plan Documents, and the Definitive Documents, including the PCP Credit Bid APA (and ancillary documents), the Confirmation Order shall govern. For the avoidance of doubt, the following is not property of the Debtors' estates and, as such, is not being sold and/or transferred to any party pursuant to the Plan or Confirmation Order: (i) BVY II's participation interests in the dealer-borrower loans (the "**BVY II Participations**") that are the subject of the Participation Dispute Ruling, and (ii) the proceeds of the BVY II Participations, which, for the avoidance of doubt, includes, without limitation, the BVY II Participations' receivables, collections, and any proceeds of collateral securing BVY II's ownership interests in the dealer-borrower loans. For as long as the BVY II Participations remain active, any and all collateral securing the PCP Dealer Loans and the BVY II Participations shall continue to secure both the PCP Dealer Loans and the BVY II Participations regardless of who owns either the PCP

**FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER APPROVING THE SECOND AMENDED
JOINT PLAN OF REORGANIZATION OF PRIMALEND CAPITAL PARTNERS, LP, ET AL**

**Page 29 of 33**
PL 6558793.8

Dealer Loans or the BVY II Participations. Further, for the avoidance of doubt, the dealer borrower loans that are subject to the BVY2 Participation Agreements, are being transferred to the PCP Credit Bid Purchaser subject to the terms of the BVY2 Participation Agreements, in all respects, and to the extent of any inconsistency or conflict between the PCP Credit Bid APA (and ancillary agreements or documents), on the one hand, and the Participation Agreements, on the other, the Participation Agreements shall govern and control.

24.     **Payment of Fees**. All fees payable by the Debtors under 28 U.S.C. § 1930, if any, shall be paid on the later of the Effective Date or the due date. The Liquidating Trust and the Wind Down Estate shall file post-confirmation quarterly reports and pay post-confirmation fees until the Chapter 11 Cases are closed, dismissed, or converted.

25.     **Reversal**. If any or all of the provisions of this Confirmation Order are hereafter reversed, modified, or vacated by subsequent order of this Court or any other court, such reversal, modification, or vacatur shall not affect the validity of the acts or obligations incurred or undertaken under or in connection with the Plan prior to the Debtors' receipt of written notice of any such order. Notwithstanding any such reversal, modification, or vacatur of this Confirmation Order, any such act or obligation incurred or undertaken pursuant to, and in reliance on, this Confirmation Order prior to the effective date of such reversal, modification, or vacatur shall be governed in all respects by the provisions of this Confirmation Order and the Plan or any amendments or modifications thereto.

26.     **Dissolution of the Committee**. On the Effective Date, the Committee will dissolve and the members thereof will be released and discharged from all duties and obligations arising from or related to these Chapter 11 Cases except in connection with final fee applications of

Professionals for services rendered prior to the Effective Date and any appeals to which the Committee is a party.

27.     **Retention of Jurisdiction**. Except as otherwise specified in the Plan, pursuant to sections 105(a) and 1142 of the Bankruptcy Code, and notwithstanding the entry of this Confirmation Order or the occurrence of the Effective Date, the Court shall retain exclusive jurisdiction as provided in Article XIII of the Plan.

28.     **Notice of Entry of Confirmation Order**. The Debtors shall serve notice of entry of this Confirmation Order pursuant to Bankruptcy Rules 2002(f)(7), 2002(j), 2002(k), and 3020(c) on all Creditors, the United States Trustee, the Securities and Exchange Commission, the Internal Revenue Service, and other parties in interest, by causing notice of entry of this Confirmation Order to be delivered to such parties by first-class mail, postage prepaid.

29.     **Notice of Effective Date**. Within five (5) Business Days following the occurrence of the Effective Date, the Debtors shall file a notice of the occurrence of the Effective Date with the Bankruptcy Court and shall serve a copy of same on (a) the United States Trustee; and (b) the entities that have requested notice in these Chapter 11 Cases pursuant to Bankruptcy Rule 2002.

30.     **Reference to Plan Provisions**. The failure to include or reference any particular provision of the Plan in this Confirmation Order shall not diminish or impair the effectiveness of such provision, it being the intent of the Court that the Plan be confirmed in its entirety.

31.     **Inconsistency.** In the event of an inconsistency between the Plan and any other agreement, instrument, or document intended to implement the provisions of the Plan, the provisions of the Plan shall govern unless otherwise expressly provided for in such agreements, instruments, or documents. In the event of any inconsistency between the Confirmation Order and

**FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER APPROVING THE SECOND AMENDED JOINT PLAN OF REORGANIZATION OF PRIMALEND CAPITAL PARTNERS, LP, ET AL**

**Page 31 of 33**
PL 6558793.8

any agreement, instrument, or document intended to implement the Plan or this Confirmation Order, the provisions of this Confirmation Order shall govern.

32.    **Enforceability**. Pursuant to sections 1123(a) and 1142(a) of the Bankruptcy Code and the provisions of this Confirmation Order, the Plan and all plan-related documents shall apply and be enforceable notwithstanding any otherwise applicable non-bankruptcy law.

33.    **Final Order.** This Confirmation Order constitutes a Final Order, and no just cause exists for delay of this Confirmation Order.

34.    **Administrative Claims**. The deadline for filing all applications for payment of Administrative Claims shall be the date that is thirty (30) days after the Effective Date. Except as expressly provided elsewhere in the Plan, any Administrative Claim filed after that date shall be deemed untimely filed and shall be deemed disallowed without further order. The deadline for objecting to such Administrative Claims is twenty-four (24) days after a request for payment of such Claim has been filed. The deadline for submitting applications for compensation for services rendered in these Chapter 11 Cases pursuant to Sections 327, 328, 330, 331, or 1103 of the Bankruptcy Code prior to the Effective Date is ninety (90) days after the Effective Date. The deadline for objecting to final fee applications shall be twenty-four (24) days after such fee application has been filed.

**# # # END OF ORDER # # #**

**Submitted by:**

*/s/ Zachary R.G. Fairlie*
Jason P. Kathman
Texas Bar No. 24070036
Laurie N. Patton
Texas Bar No. 24078158
Alex Anderson
Texas Bar No. 24138084

**FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER APPROVING THE SECOND AMENDED JOINT PLAN OF REORGANIZATION OF PRIMALEND CAPITAL PARTNERS, LP, ET AL**

**Page 32 of 33**
PL 6558793.8

**SPENCER FANE LLP**
5700 Granite Parkway, Suite 650
Plano, Texas 75024
(972) 324-0300 – Telephone
(972) 324-0301 – Facsimile
Email: jkathman@spencerfane.com
Email: lpatton@spencerfane.com
Email: alanderson@spencerfane.com

Zachary R.G. Fairlie
Admitted *pro hac vice*
**SPENCER FANE LLP**
1000 Walnut Street, Suite 1400
Kansas City, Missouri 64106
(816) 474-8100 – Telephone
(816) 474-3216 – Facsimile
Email: zfairlie@spencerfane.com

**COUNSEL FOR DEBTORS
AND DEBTORS-IN POSSESSION**

**FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER APPROVING THE SECOND AMENDED
JOINT PLAN OF REORGANIZATION OF PRIMALEND CAPITAL PARTNERS, LP, ET AL**

**Page 33 of 33**
PL 6558793.8